UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────x

Treasure Chest Themed Value Mail, Inc.,

                Plaintiff,

-against-

David Morris International, Inc.,

                Defendant.

───────────────────────────────────x

No. 17 Civ. 0001 (NRB)

(Jury Trial Demanded)

## DEFENDANT'S AMENDED ANSWER

In response to the Complaint filed by Treasure Chest Themed Value Mail, Inc., ("Plaintiff") on January 1, 2017, in the United States District Court for the Southern District of New York, Defendant David Morris International, Inc. ("Defendant") hereby answers as follows:

### PRELIMINARY STATEMENT

1.     Paragraph 1 is a description of the legal claims brought by Plaintiff to which no response is required. To the extent that a response is required, Defendant denies.

### PARTIES

2.     Defendant is without sufficient information and/or knowledge to form a belief as to the truth of the matters asserted or inferred in this paragraph.

3.     Admit except that Defendant's headquarters is in Dallas, Texas.

## JURISDICTION AND VENUE

4. Defendant is without sufficient information and/or knowledge to form a belief as to the truth of the matters asserted or inferred in this paragraph.

5. Admit.

6. Defendant is without sufficient information and/or knowledge to form a belief as to the truth of the matters asserted or inferred in this paragraph.

7. Defendant is without sufficient information and/or knowledge to form a belief as to the truth of the matters asserted or inferred in this paragraph.

## ALLEGED BREACH OF CONTRACT

8. Defendant is without sufficient information and/or knowledge to form a belief as to the truth of the matters asserted or inferred in this paragraph.

9. Defendant admits that it signed a written agreement dated January 25, 2016, subject to the defenses, allegations and counterclaims below.

10. Defendant admits that the written agreement referred to in paragraph 9 of the Complaint providew for an exchange of consideration but otherwise denies.

11. Deny.

12. Deny.

13. Defendant is without sufficient information and/or knowledge to form a belief as to the truth of the matters asserted or inferred in this paragraph.

## PRAYER

14. Defendant denies that Plaintiff is to the relief sought in the Prayer

## JURY DEMAND

15. Defendant demands a jury for all issues triable by Jury.

**FIRST AFFIRMATIVE DEFENSE**

16. The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

17. The Court lacks subject matter jurisdiction.

**THIRD AFFIRMATIVE DEFENSE**

18. Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

19. Plaintiff's claims are barred by its breach of the agreement.

**FIFTH AFFIRMATIVE DEFENSE**

20. Plaintiff fraudulently induced Defendant into the contract.

**COUNTERCLAIMS FOR FRAUD, UNJUST ENRICHMENT AND BREACH OF CONTRACT**

Defendant, by its attorneys, for its Counterclaims against Plaintiff alleges the following on information and belief:

1. Defendant brings counterclaims for fraud and unjust enrichment against Plaintiff.

2. Defendant offers a variety of sales, marketing and operational services offered to cruise lines and tour operators. Specializing in custom sales and marketing solutions, uniquely developed travel programs and charters and incentive agreements.

3. Richard Shane is the Founder, President and Chief Executive Officer of Plaintiff.

4. Upon information and belief, Richard Shane owns Plaintiff in whole and there are no other owners of Plaintiff.

5. Plaintiff has and continues to promote itself as an upscale, targeted cooperative mailing.

6. On Plaintiff's website it states:

> What do you when [sic] celebrating 25 years of growth to become the #1 circulation media in travel and high net worth consumers are requesting to join your database in record numbers?
>
> Become even more targeted + expand channels + lower the rate = increase travels already best ROI.
>
> The World's Greatest Vacations database is laser targeted now reaching vacation travelers who within the past 24 months have purchased a trip and/or reached out to learn more. The net 1,072,000 households is by far the deepest market penetration in travel media and perfectly synegized with this are 3,000,000 digital impressions every week!
>
> Direct mail's effectiveness is at record levels and when working in conjunction with digital media, both on and offline tools are considerably more effective. All, professionally executed on your behalf saving time and resources.
>
> "The definitive resource for exclusive travel opportunities from only the world's greatest vacations. Valuable insider's information not found elsewhere before hitting the marketplace.

http://www.theworldsgreatestvacations.com/for-partners/ (last checked June 28, 2017).

7. On Plaintiff's website it states: "Richard Shane boasts, 'accountability and pride is why we guarantee to surpass both marketing and sales objectives. If we fail to exceed expectations, tell me and a make good will be provided'". Available at http://www.theworldsgreatestvacations.com/about-us/ (last checked June 28, 2017).

8. On Plaintiff's website it states: "Our network of qualified travel enthusiasts is the largest in the industry. Our integrated, multi-channel marketing solutions increase your effectiveness in reaching these travelers." (last checked June 28, 2017).

9. Plaintiff's website states it has an 8% response rate. http://www.theworldsgreatestvacations.com/for-industry-clients/circulation/ (last checked June 28, 2017).

4

10. Plaintiff's website states that it has a "10% Higher Engagement Than Industry Competitors." http://www.theworldsgreatestvacations.com/for-industry-clients/dm-online-performance/ (last checked June 28, 2017).

11. Plaintiff's website states: "With a median 5.72% rate of response (source: DMA), direct mail continues to be a highly effective targeted marketing medium." http://www.theworldsgreatestvacations.com/for-industry-clients/dm-online-performance/ (last checked June 28, 2017).

12. Plaintiff's website states: "We offer the industry's only risk-free guarantee." http://www.theworldsgreatestvacations.com/for-industry-clients/top-10-facts-and-questions/ (last checked June 28, 2017).

13. Plaintiff's website states:

The Top 10 Facts and Questions About The World's Greatest Vacations

> 1. Deepest market penetration in the premium leisure category: 1,072,000. For perspective, the second deepest penetration is only 950,000.
>
> 2. We deliver a total reach in excess of 1.5 million households, with daily and weekly communications reaching an audience of over 300,000 and growing.
>
> 3. Our comprehensive multi-touch direct response platform expands your reach via daily emails, social media updates, and custom digital solutions.
>
> 4. Treasure Chest has grown every year since 1993 with ongoing partnerships with more than 200 premium leisure companies.
>
> 5. We own the most relevant, targeted database of active travelers.
>
> 6. Direct mail is still one of the most effective marketing tools for driving new leads and conversions. Click here to learn more.
>
> 7. Circulation levels ranging from 362,000 to 1,072,000 are available to match your media goals and budgets.

      8.  For only 15 cents/unit, you receive a fully turn-key solution, including postage and printing for direct mail solutions and curation and editing of content for inclusion in our digital outreach services.

      9.  We offer custom solutions for your direct response needs. Click here to learn more.

      10.  We offer the industry's only risk-free guarantee.

http://www.theworldsgreatestvacations.com/for-industry-clients/top-10-facts-and-questions/ (last checked June 28, 2017).

    14.    Prior to entering into the contract with Defendant, Richard Shane made numerous statements similar or identical to those made on Plaintiff's website.

    15.    Defendant did not receive a single booking for cruises from using Plaintiff's service even when promoting premier clients or best sellers.

    16.     Defendant suffered damages to its goodwill and reputation as a result of Plaintiff's actions.

    17.    Defendant estimates that it suffered at least $500,000 in sales as a result of Plaintiff's actions.

## **FRAUD**

    18.    Plaintiff made numerous false statements to Defendant prior to the Defendant entering into the contract.

    19.    Plaintiff made these statements with intent to deceive.

    20.    Defendant reasonably relied on these statements.

    21.    Defendant was injured as the result of the reliance and suffered at least $500,000 in damages.

## **UNJUST ENRICHMENT**

22. Plaintiff received benefits from Defendant that are at least $40,000 in value.

23. Plaintiff received these benefits at Defendant's expense.

24. Equity and good conscience require restitution of these benefits by Plaintiff to Defendant.

## **BREACH OF CONTRACT**

25. In the alternative to fraud and unjust enrichment, Defendant alleges breach of contract.

26. The contract between Plaintiff and Defendant included the promises that Plaintiff made to Defendant on his website and/or orally.

27. The contract also included an implied covenant of good faith and fair dealing.

28. Plaintiff breached these promises and the implied covenant of good faith and fair dealing.

29. Defendant was injured as the result and suffered at least $500,000 in damages.

## PRAYER FOR RELIEF

**Wherefore**, Defendant respectfully prays for judgment against Defendant as follows:

a) Compensatory damages of at least $540,000;

b) pre-judgment and post-judgment interest as set by New York law;

c) costs and disbursements of this action, including reasonable attorney's fees; and

d) such other further relief as the Court may deem just and proper.

Dated:  June 28, 2017
         New York, New York


                                                    Respectfully submitted,

                                                    /s/ *Julie R. Solarz*

                                                    Julie R. Solarz
                                                    Lehman LG LLC
                                                    244 Fifth Ave., Suite B258
                                                    New York, New York 10001
                                                    (724) 453-4626
                                                    Julie.Solarz@lehmanlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of June, 2017, a true copy of Defendant's Answer and Counterclaims was served via the CM/ECF electronic filing system for the United States District Court for the Southern District of New York upon counsel for Plaintiff.

*/s/ Julie Solarz*
Julie Solarz
