Lehman Law Group

October 6, 2017

***VIA ECF***

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: Treasure Chest Themed Value Mail, Inc. v. David Morris International, Inc., 17 Civ. 00001 (NRB)**

Dear Judge Buchwald:

This firm represents David Morris International, Inc. ("DMI") in the above-captioned case. On September 26, 2017, Treasure Chest Themed Value Mail, Inc. ("Treasure Chest") submitted a letter requesting permission to file a summary judgment motion (Dkt. # 18). Today, we followed up with a conference call with Mr. Knox after providing him with a preliminary statement on our position.

DMI believes that a status conference with the Court would be productive and, thus, we request one.

**Brief Background**

On January 25, 2016, DMI, *via* eponymous founder David Morris, and Treasure Chest, *via* CEO Richard Shane, executed a one-page contract. (Attached as Exhibit 1.) On January 1, 2017, Treasure Chest sued DMI for breach of contract. Jurisdiction is on the basis of diversity of citizenship with alleged damages that exceed $75,000 (*i.e.*, the contract is alleged to be valued a total of $95,000). Paragraphs 11 and12 of the Complaint allege: "Plaintiff performed all of its obligations under the Contract." and "Defendant materially breached the Contract by failing to submit payment to Plaintiff."

On June 28, 2017, DMI filed its amended answer and counterclaims. In essence, DMI asserts that Treasure Chest committed fraud and, thus, the contract is voidable. In the alternative, DMI contends that Treasure Chest violated its agreement including numerous promises made orally by Richard Shane and on Treasure Chest's website. (As

244 5th Ave., Suite B258 • New York, NY 10001
Phone 724-453-4626 (724LEHMAN)
E-mail brian@lehmanlawgroup.com

a side note, there is no merger clause in the contract and, thus, DMI contends that promises outside the contract are legally relevant.)

**Pending Discovery Issues**

Attorneys for the parties did not depose anyone. However, the parties did exchange initial disclosures, interrogatories and document requests. Among other things, DMI requested "Plaintiff's current proprietary database (http://www.theworldsgreatestvacations.com/for-industry-clients/proprietary-database/)." Treasure Chest responded to this document request by stating:

> Plaintiff objects to this document request to the extent that it is overbroad and unduly burdensome, and to the extent that it is not reasonably calculated to lead to admissible evidence.
>
> Plaintiff also objects to this document request as it calls for the proprietary, or confidential business information of Plaintiff.
>
> Plaintiff will not produce documents responsive to this request.

(Attached as Exhibit 2.)

After receiving these answers, counsel from this firm and counsel for Treasure Chest engaged in a number of conversations in an effort to find a mutually agreeable alternative to producing the database. Treasure Chest suggested using a "match-back" system and, at the time, there was no disagreement among the lawyers.

However, after discussing the issues with the client, this firm's position changed. DMI believes a "match-back" analysis will not adequately address client's list verification concerns.

Counsel for DMI requests permission to file a motion to compel documents in response to this request as well as request as the other document requests. Once this motion is decided, DMI and Treasure Chest will be prepared to evaluate whether there are any factual issues that must be resolved by a jury or if a motion for summary judgment could be appropriate.

**Conclusion**

Counsel for DMI has had several conversations with counsel for Treasure Chest.

The conversations were entirely amicable and conducted in good faith by both sides. Nonetheless, the parties have a disagreement on the issue of document production as well as settlement. Counsel will attempt again to meet-and-confer in good faith but respectfully suggests that a briefing schedule be set on the motion to compel.

DMI respectfully requests that it be allowed to file its motion to compel by Monday, October 16, 2017, with opposition papers due three weeks later on November 6, 2017, and a reply brief due one week after that on November 13, 2017.

In the alternative, if more information on the proposed motion to compel or motion for summary judgment is needed by the Court, DMI requests that the Court order a status conference. Counsel for DMI is available on Wednesday or Thursday next week or any day the week thereafter.

Respectfully submitted,

*Julie Solarz*
Julie Solarz
Lehman LG LLC
244 5th Ave., Suite B258
New York, New York 10001
724-453-4626
juliesolarz@lehmanlawgroup.com

cc:

Daniel Knox, Esq. (*via* ECF)

Brian Lehman, Esq.* (via e-mail)
**pro hac vice* motion to be filed on behalf of Defendant

# Exhibit 1

## VACATION TRAVEL MAILING
## PARTICIPATION AGREEMENT

AGREEMENT (the "Agreement") made and entered into by and between Treasure Chest Themed Value Mail, Inc., a New York Corporation (the "Company"), and David Morris Intl, a California Corporation (the "Sponsor").

Section 1. Services. The Company hereby agrees, subject to the satisfaction of the terms and conditions set forth herein, to include the Sponsor's information on two sides of an insert in the Company's direct mail business campaign to at least 730,000 vacation travelers nationwide (the "Mailing") with two logos on response card. Sponsor to also receive greater than 300,000 follow up weekly digital impressions through September 30, 2016 for two different products.

Section 2. Mailing. The Mailing shall commence on or about March 28, 2016 and continue until approximately April 11, 2016 (the "Mailing Date").

Section 3. Participation and Printing Fee. The participation and printing fee to include one Sponsor insert in the Mailing shall be $45,000 payable July 1, 2016 and up to $40,000 in airfare and hotel accomodations at fair market value and up to $10,000 value in Arosa cruises.

Sponsor is guaranteed greater than 3,000 total leads. Falling short, the following season is free.

Section 4. Indemnification. The Sponsor hereby agrees to be solely responsible for, to defend, and to indemnify the Company and its respective directors, officers, agents and employees, and to hold each of them harmless from any claims, demands, causes of action, or damages, including reasonable attorney's fees and court costs, arising out of, or in connection with, any Sponsor insert and/or use of any products described therein included in the Mailing, so long as the Company no way alters or modifies the Sponsors insert without the written consent of the Sponsor. In the event of monies past due; 1.5% monthly finance fee applies; costs necessary to collect past due balance paid by Sponsor.

Section 5. Liability. The Company is not liable for delays in mailing and/or non-mailing in the event of Act of God, action by any governmental or quasi-governmental entity, fire, flood, insurrection, riot, explosion, strikes whether legal or illegal, labor or material shortage, transportation interruption of any kind, work slowdown, or any condition beyond control of the Company affecting production or delivery in any manner.

Section 6. Governing Law. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date first above written.

TREASURE CHEST
THEMED VALUE MAIL, INC.

DocuSigned by:
By: Richard Shane
3FF2F39F668A465...
Richard F. Shane
President

Dated: 25 January, 2016

[signature]

Name: David Morris
Title: President
David Morris International, Inc.

Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREASURE CHEST THEMED VALUE MAIL, INC.,

Plaintiff,

-against-

DAVID MORRIS INTERNATIONAL, INC.,

Defendant.

Civil Action No. 17 -0001

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendant David Morris International, Inc.'s ("DMI") First Request for Production of Documents as follows:

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Plaintiff objects to Definition Number 4 on the grounds that it is vague and ambiguous. Plaintiff will interpret all references to the "Agreement" in defendant's First Request for Production of Documents to mean the Vacation Travel Mailing Participation Agreement dated January 25, 2016.

2. Plaintiff objects to Instruction Number 2 on the grounds that it is overbroad and unduly burdensome, and to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

3. Plaintiff objects to Instruction Number 10 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Plaintiff reserves the right

to supplement its responses to this request prior to trial, as and when additional responsive documents become known or available to Plaintiff.

4. Plaintiff objects to Instruction Number 11 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1. *All documents evidencing the terms of the Agreement between Plaintiff and Defendant.*

Response to Document Request No. 1:

Plaintiff objects to this document request as overbroad and unduly burdensome to the extent that it calls for documents already produced to Defendant. A copy of the Agreement was already produced to Defendant and will not be produced again.

Subject to the above objections, Plaintiff has no responsive documents in its possession, custody, or control other than those that have already been produced to Defendant.

2. *All documents that mention, discuss, refer to or relate to the Agreement*.

Response to Document Request No. 2:

Plaintiff objects to this document request as overbroad and unduly burdensome to the extent that it seeks information that is readily or more accessible to Defendant from Defendant's own files, including, but not limited to emails between Plaintiff and Defendant.

Plaintiff also objects to this document request as it is not reasonably calculated to lead to the discovery of admissible evidence. The Agreement already contains all of the terms governing the transaction at issue between the parties.

Further, this document request calls for documents already produced to Defendant. A copy of the Agreement was already produced and will not be produced again.

Subject to the above objections, Plaintiff has no responsive documents in its possession, custody or control other than those that have already been produced to Defendant, and emails between the parties which are already in the Defendant's possession.

3. *All documents – including but not limited to emails, mailings and other promotional materials, digital or otherwise – that were sent to potential customers by Plaintiff that would benefit Defendant.*

Response to Document Request No. 3:

Plaintiff objects to this document request as overbroad and unduly burdensome to the extent that it seeks information that is readily or more accessible to Defendant from Defendant's own files, as Defendant provided Plaintiff with the promotional materials.

Subject to the above objections, Plaintiff has no responsive documents in its possession, custody, or control other than the promotional materials provided by the Defendant and proof of mailing. Plaintiff will produce the promotional materials and proof of mailing.

4. *All Documents pertaining to the origin of Plaintiff's targeted list and/or database that was used to promote Defendant's product(s).*

Response to Document Request No. 4:

Plaintiff objects to this document request to the extent that it is overbroad and unduly burdensome, and to the extent that it is not reasonably calculated to lead to admissible evidence.

Plaintiff also objects to this document request as it calls for the proprietary, or confidential business information of Plaintiff.

Subject to the above objections, Plaintiff has no responsive documents in its possession, custody, or control.

5. *Produce all documents that support the following statements made on Plaintiff's website (http://www.theworldsgreatestvacations.com):*
   a. *"The World's Greatest Vacations database is laser targeted now reaching vacation travelers who within the past 24 months have purchased a trip and/or reached out to learn more. The net 1,072,000 households is by far the deepest*

*market penetration in travel media and perfectly synergized with this are 3,000,000 digital impressions every week!"*
  b. *"Direct mail's effectiveness is at record levels and when working in conjunction with digital media, both on and offline tools are considerably more effective."*
  c. *"Valuable insider's information not found elsewhere before hitting the marketplace."*
  d. *"Our network of qualified travel enthusiasts is the largest in the industry."*
  e. *Plaintiff has "an 8% response rate."*
  f. *Plaintiff has a "10% Higher Engagement Than Industry Competitors."*
  g. *"With a median 5.72% rate of response (source: DMA), direct mail continues to be highly effective targeted marketing medium."*
  h. *"We offer the industry's only risk-free guarantee."*
  i. *"The Top 10 Facts and Questions About the World's Greatest Vacataions*
       i. *Deepest market penetration in the premium leisure category: 1,072,000. For perspective, the second deepest penetration is only 950,000.*
      ii. *We deliver a total reach in excess of 1.5 million households, with daily and weekly communications reaching an audience of over 300,000 and growing.*
     iii. *Our comprehensive multi-touch direct response platform expands your reach via daily emails, social media updates, and custom digital solutions.*
      iv. *Treasure Chest has grown every year since 1993 with ongoing partnerships with more than 200 premium leisure companies.*
       v. *We own the most relevant, targeted database of active travelers.*
      vi. *Direct mail is still one of the most effective marketing tools for driving new leads and conversions. Click here to learn more.*
     vii. *Circulation levels ranging from 362,000 to 1,072,000 are available to match your media goals and budgets.*
    viii. *For only 15 cents/unit you receive a fully turn-key solution, including postage and printing for direct mail solutions and curation and editing of content for inclusion in our digital outreach services.*
      ix. *We offer custom solutions for your direct response needs. Click here to learn more.*
       x. *We offer the industry's only risk-free guarantee."*

<u>Response to Document Request No. 5:</u>

Plaintiff objects to this document request to the extent that it is overbroad and unduly burdensome, and to the extent that it is not reasonably calculated to lead to admissible evidence.

Plaintiff further objects to this document request as responsive information is available on Plaintiff's website or otherwise cited and will not be produced.

6. *Plaintiff's current proprietary database (http://www.theworldsgreatestvacations.com/for-industry-clients/proprietary-database/).*

Response to Document Request No. 6:

Plaintiff objects to this document request to the extent that it is overbroad and unduly burdensome, and to the extent that it is not reasonably calculated to lead to admissible evidence.

Plaintiff also objects to this document request as it calls for the proprietary, or confidential business information of Plaintiff.

Plaintiff will not produce documents responsive to this request.

Dated: September 15, 2017                           Respectfully submitted,

                                                                                                           /s Daniel Knox
                                                                                                           Knox Law Group, P.C.
                                                                                                           *Attorneys for Plaintiff*
                                                                                                           One Penn Plaza, Suite 2430
                                                                                                           New York, NY 10119