November 9, 2017

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    *Treasure Chest Themed Value Mail, Inc. v. David Morris International, Inc.*,
            **17 Civ. 00001 (NRB)**

Judge Buchwald:

      We represent Defendant David Morris International, Inc. ("DMI") and write to request a conference on whether Defendant should be allowed to file a motion to compel responses to its document request.

      On October 19, 2017, your Honor held a teleconference in response to two requests from the parties: (1) Plaintiff's request to file a summary judgment motion (CM/ECF No. 18), and (2) Defendant's request to file a motion to compel responses to various document requests (CM/ECF No. 19).

      After the teleconference, the parties conferred several times in good faith. As a result of those conversations, Defendant offered a compromise as follows:

      **Offered Compromise**

      (1) By December 15, 2017, Defendant will depose Richard Shane, CEO of Plaintiff, under Rule 30(b)(6) of the Federal Rules of Civil Procedure on the matters covered by Defendants' document request including the proprietary database owned by Plaintiff as well as anything related to the allegations made in Defendant's counterclaim. The deposition will be done by videotape.

      (2) By December 15, 2017, Plaintiff may depose David Morris, founder of DMI. The parties agree to this deposition out of fairness since Mr. Shane will be deposed as well and the parties are requesting that discovery be reopened.

      Mr. Morris does not live in New York (or in driving distance). As a result, the parties agree that Mr. Morris may be deposed by videoconference if needed. However, Defense counsel will ask Mr. Morris if there is any time that he has already schedule to travel to New York. If

there is, the parties will work together to see if he may be deposed in person in New York (which will also be videotaped).

**Plaintiff's Response**

To be clear, Defendant has not sought to depose Mr. Shane and discovery has been closed.  It is thus Defendant's position that the only discovery issue left to be decided is whether Plaintiff should be compelled to answer the document requests.

Plaintiff's counsel suggested Mr. Shane be deposed to see if the deposition eliminates the need for Defendant to move to compel Plaintiff to answer Defendant's document requests.  If it does, then Defendant will withdraw the request to file a motion to compel.

Plaintiff's counsel has also stated that he will direct his client not to answer questions relating to the specific content of the database due to privilege.  Given that we fully expect to ask questions about the content of the database, Defendant cannot accept this compromise.

Indeed, Defendant believes this compromise may increase the burden on the court and the parties.  If Plaintiff objects to certain questions during the deposition, and Defendant believes those objections do not have merit, the result will be two motions to compel:  (1) a motion to compel answers to the question where privilege was asserted, and (2) a motion to compel the document request.  Moreover, should Defendant prevail on the motion to compel answers in a deposition, the parties will need to re-depose Mr. Shane.

Plaintiff's counsel has also stated that he wants the deposition of Mr. Morris in person (this deposition was offered to Plaintiff out of fairness rather than any obligation as the discovery deadlines have passed).  However, Mr. Morris lives in Dallas, Texas, which is also where the Defendant is headquartered.  There is "a presumption that the deposition of a defendant should be held in the district of his residence[,]" *Dagen v. CFC Holdings Ltd.*, No. 00 Civ. 54682 (CBM), 2003 WL 21910861, at *2 (S.D.N.Y. Aug. 11, 2013) (multiple citations & internal quotations omitted).

If the parties disagree on where the deposition should take place, this may result in three motions being filed with the Court.

**Joint Request for a Conference**

The parties jointly request that a status conference be held on Thursday, November 16, 2017.  The purpose of the conference is for the parties to lay out their positions to the Court with the hope that the Court's direction at the conference will resolve the issues or, in the alternative, for Defendant to be permitted to file the motion to compel the answer to the document request.

Finally, we wish to emphasize that counsel for both sides have operated in good faith and attempted numerous times to reach a compromise.  All parties still seek one, which is why we jointly request the in-person conference.

3

Respectfully submitted,

*Julie Solarz*
Julie Solarz
Lehman LG LLC
244 5th Ave., Suite B258
New York, New York 10001
724-453-4626
julie@lehmanlawgroup.com

cc:  all counsel by CM/ECF