March 26, 2018

*Via ECF*

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> **Re: Request for Pre-Motion Discovery Conference in *Treasure Chest Themed Value Mail, Inc. v. David Morris International, Inc.*, 17 Civ. 00001 (NRB)**

Judge Buchwald:

Pursuant to Local Civil Rule 37.2, David Morris International, Inc. ("DMI") requests a pre-motion discovery conference. In the alternative, DMI requests that the Court deny this request so that, pursuant to Rule 37.2, DMI may proceed to file its motion to compel Plaintiff Treasure Chest Themed Value Mail, Inc. ("Treasure Chest") with no further delay.

This is DMI's third request for permission to file a motion to compel documents responsive to DMI's first and only document requests that were served over seven months ago in August 2017.

The Court has already held two conferences on the same issues raised here. On October 19, 2017, this Court held a teleconference in response to Defendant's first request (Dkt. No. 19). After the teleconference, the parties conferred several times in good faith but were unable to find a solution. As a result, Defendant filed a second request for permission to file a motion to compel (Dkt. No. 20). This Court held an in-person conference on November 16, 2017, after which Plaintiff produced some documents on December 14, 2017.

Before filing this third request, the parties conducted another meet-and-confer on March 13, 2018, and subsequently talked on the telephone and exchanged emails. Last Friday, March 23, 2018, Treasure Chest produced a "supplemental response" and a few additional documents. DMI now requests a third conference or permission to file the motion to compel.

## **Requirements under the Federal Rules**

Rule 34 was revised over two years ago to eliminate the confusion caused when a party objects to document requests but still produces documents (such as has happened here when Treasure Chest repsonded). Rule 34 requires a party objecting to requests for production to: (1) "state with specificity the grounds for objecting to the request, including the reasons;" (2) "state whether any responsive materials are being withheld on the basis of that objection;" and (3) "[a]n

objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34 (b)(2)(B)-(C).

As one commentator well summarized these requirements: "When incorporating the requirements of amended Rule 34, a response to document demands should include three sections: (1) identification of responsive documents, (2) objections and (3) an indication of how a search is limited in scope." Daniel M. Braude, *Methods for Asserting Objections Under Amended Rule 34*, Law360 (March 2, 2016).[1]

Moreover, courts have repeatedly issued "wake-up calls" for members to comply with amended Rule 34. One of the leading cases is authored by Judge Peck, a former magistrate judge in this District and co-chair of the SDNY-EDNY Local Rules Committee, is *Fischer v. Forrest*, No. 14 Civ. 01304, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017).  At the last meet-and-confer, counsel for DMI specifically refer to Fischer and sent counsel for Treasure Chest a link it.

In *Fischer*, Judge Peck explained at length the requirements of amended Rule 34 as well as the underlying reasons for them, and held that any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections except as to privilege. Other courts have reached the same conclusion. *See generally The Sedona Conference Federal Rule of Civil Procedure 34 Primer* (September 2017 Public Comment Version) (providing guidance on the December 2015 amendments to Rule 34).

### Plaintiff's Supplemental Responses Violate Rule 34

Last Friday, Treasure Chest emailed a revised response to the DMI's First Request for Production of Documents filed seven months earlier (attached to letter).[2]  Even a cursory analysis shows that the response is filled with boilerplate objections and repeatedly violates amended Rule 34.

Consider the Response to Document Request No. 2, which violates almost everything that Judge Peck held in *Fischer*.  Treasure Chest does not explain why the request is burdensome or how the request is overly broad? Nor does Treasure Chest state what is being withheld on those grounds.

Likewise, to pick another example, Treasure Chest's Response to Document Request No. 4 states:  "Plaintiff objects to this document request to the extent that it seeks proprietary information of which Plaintiff's database consists. Further, the document request is unduly burdensome in that it is not proportional to the needs of the case considering that the burden and expense of the requested discovery outweighs its likely benefit, and to the extent that it is not reasonably calculated to lead to admissible evidence."  This is pure boilerplate as Treasure Chest

---

[1] https://www.wilsonelser.com/writable/files/Legal_Analysis/ESI_2016/methods_for_asserting_objections_braude.pdf.

[2] The letter was erroneously dated March 21 [sic], 2018, which was last Wednesday.

fails to describe the limits of the search undertaken to identify documents responsive to document requests.

Treasure Chest states in response: "Plaintiff will produce a redacted request from a consumer for inclusion in Plaintiff's database and information on several existing lists/databases to which Plaintiff has paid for access." The one card then produced is attached as Exhibit 2. However, "[a]n objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34 (b)(2)(B)-(C). Information that is propriety may not be withheld in litigation. Moreover, Treasure Chest does not specify the part that it is withholding.

Finally, consider Treasure Chest's Response to Document Request No. 5. Despite the fact that Treasure Chest makes a number of specific representations on its website, Treasure Chest has not produced a single document that supports any of them but instead asserts a panoply of general objections in violation of Rule 34.

## Conclusion

"Discovery is not supposed to be a shell game, where the hidden ball is moved round and round and only revealed after so many false guesses are made and so much money is squandered." *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1322 (10th Cir. 2011). When a party feels at liberty to disobey discovery requests, "weeks or months (as in this case) pass without progress in the litigation." *Id.* at 1321.

DMI respectfully requests that a conference be held or, in the alternative, DMI be allowed to file its motion to compel.

Respectfully submitted,

*Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, New York 10001
724-453-4626
brian@lehmanlawgroup.com

cc: all counsel by CM/ECF

3