April 4, 2018

*Via ECF*

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    **Pre-Motion Discovery Conference in *Treasure Chest Themed Value  Mail, Inc. v. David Morris International, Inc.*, 17 Civ. 00001 (NRB)**

Judge Buchwald:

      I represent David Morris International, Inc., the defendant in this action. Today, opposing counsel emailed me to confirm the pre-motion discovery conference will be held on April 17, 2018, at 2:30 p.m. I responded by writing: "Depending on whether you agree to do so voluntarily, I intend to ask the Court to order you to bring ***2 printed pages*** of the excel spreadsheet you showed us to Court on April 17, 2018 (emphasis added)." By having 2 pages of the more than 1,000-page excel spreadsheet, I hoped to give the Court a snapshot of the database so that the parties and Court could have a meaningful pre-motion conference.

      Opposing counsel responded: "I will not agree to bring printed copies of the database at this time. I have already obtained permission from the Court to bring an electronic copy and will be filing a motion to bring an electronic device for the Court's viewing."

      Given that opposing counsel purportedly "obtained permission from the Court to bring an electronic copy," I write for two reasons. *First*, I request that opposing counsel be ordered to contact Courtroom Technology, so that whatever is shown to the Court is shown to defense counsel at the same time.

      In other words, I am concerned about how opposing counsel will present the database to the Court, particularly since he refuses to bring paper copies (indeed, even a mere 2 printed pages). One alternative is for three attorneys and the Court's clerk to crowd around your Honor's bench to look at the same laptop screen. Such conduct would be strange and obviously break the typical decorum of the courtroom. Another alternative is for plaintiff's counsel to show the database to the Court alone, and that would be a manner of presentation to which I would naturally object.

      For these reasons, I ask that opposing counsel coordinate with Courtroom Technology so that whatever is present to the Court will be available for viewing by all counsel.

**Second**, I request that opposing counsel be ordered to bring **all** databases and lists used by Plaintiff. Plaintiff's counsel has only shown defense counsel **one** database. However, in the most recent "Supplemental Objections and Responses" to Defendant's document request, Plaintiff's counsel states: "Plaintiff will produce a redacted request from a consumer for inclusion in Plaintiff's database and ***information on several existing lists/databases*** to which Plaintiff has paid for access (emphasis added) [.]" Exhibit 1 to Dkt. No. 29 at p.4 (response to Document Request No. 4) *attached* to this letter.

Opposing counsel's statement that there are "several existing lists/databases" is troubling because this litigation has been pending for over a year and we have had at least half a dozen meet-and-confers. Yet, this is the first time opposing has mentioned more than one list/database despite Rule 34's requirement that he disclose anything withheld. Moreover, opposing counsel did not show us any such lists/databases when we went to his office. We were only shown one excel spreadsheet – nothing else.

Rather than have multiple conferences, Plaintiff's counsel should bring all databases/lists that are responsive to our document requests that opposing counsel is withholding so that we can resolve the discovery disputes once and for all.

Finally, I wish to highlight that there are issues other than these lists/databases that we seek to have the Court resolve. Plaintiff's responses violate amended Rule 34. *See Fischer v. Forrest*, No. 14 Civ. 01304, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017). We hope for the opportunity to address these deficiencies at the conference in two weeks and appreciate the Court's time and attention to these matters.

Respectfully submitted,<br>
/s/ *Brian Lehman*<br>
Brian Lehman<br>
Lehman LG LLC<br>
244 5th Ave., Suite B258<br>
New York, New York 10001<br>
724-453-4626<br>
brian@lehmanlawgroup.com

cc: all counsel by CM/ECF

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREASURE CHEST THEMED VALUE MAIL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> DAVID MORRIS INTERNATIONAL, INC., <br><br> Defendant. | Civil Action No. 17 -0001 |

**PLAINTIFF'S SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, by and through its attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, responds and objects to Defendant David Morris International, Inc.'s ("DMI") First Request for Production of Documents as follows:

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Plaintiff objects to Definition Number 4 on the grounds that it is vague and ambiguous. Plaintiff will interpret all references to the "Agreement" in defendant's First Request for Production of Documents to mean the Vacation Travel Mailing Participation Agreement dated January 25, 2016.

2. Plaintiff objects to Instruction Number 2 on the grounds that it is overbroad and unduly burdensome, and to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

3. Plaintiff objects to Instruction Number 10 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Plaintiff reserves the right

to supplement its responses to this request prior to trial, as and when additional responsive documents become known or available to Plaintiff.

4. Plaintiff objects to Instruction Number 11 to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

## **OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

1. *All documents evidencing the terms of the Agreement between Plaintiff and Defendant.*
Response to Document Request No. 1:

Plaintiff objects to this document request as overbroad and unduly burdensome to the extent that it calls for documents already within the Defendant's possession. A copy of the Agreement was already produced to Defendant and will not be produced again. Further, e-mail communications between the parties are also already within the Defendant's possession. Plaintiff has nonetheless produced particular relevant e-mail communications between the parties to the Defendant in good faith, and will not produce them again.

2. *All documents that mention, discuss, refer to or relate to the Agreement.*
Response to Document Request No. 2:

Plaintiff objects to this document request as overbroad and unduly burdensome to the extent that it seeks information that is readily or more accessible to Defendant from Defendant's own files, including, but not limited to emails between Plaintiff and Defendant.

Plaintiff also objects to this document request as it is not reasonably calculated to lead to the discovery of admissible evidence. The Agreement already contains all of the terms governing the transaction at issue between the parties.

Further, this document request calls for documents already produced to Defendant. A copy of the Agreement was already produced and will not be produced again.

2

Subject to the above objections, Plaintiff has no responsive documents in its possession, custody or control other than those that have already been produced to Defendant, and emails between the parties which are already in the Defendant's possession.

3. *All documents – including but not limited to emails, mailings and other promotional materials, digital or otherwise – that were sent to potential customers by Plaintiff that would benefit Defendant.*

Response to Document Request No. 3:

Plaintiff objects to this document request as overbroad and unduly burdensome to the extent that it seeks information that is readily or more accessible to Defendant from Defendant's own files, as Defendant provided Plaintiff with the promotional materials to be included in the mailing.

Further, "documents that would benefit Defendant" is a vague and ambiguous term and Plaintiff objects to this request as unduly burdensome to the extent that it would require Plaintiff to determine whether any promotional materials of other clients would somehow "benefit" the Defendant.

Subject to the above objections, Plaintiff has no responsive documents in its possession, custody, or control other than the promotional materials provided by the Defendant and proof of mailing.  Plaintiff has nonetheless produced a current mailing containing promotional materials for various clients, including Defendant.

4. *All Documents pertaining to the origin of Plaintiff's targeted list and/or database that was used to promote Defendant's product(s).*

Response to Document Request No. 4:

Plaintiff objects to this document request to the extent that it seeks proprietary information of which Plaintiff's database consists.  Further, the document request is unduly burdensome in that it is not proportional to the needs of the case considering that the burden and expense of the

3

requested discovery outweighs its likely benefit, and to the extent that it is not reasonably calculated to lead to admissible evidence.

Subject to the foregoing objections, Plaintiff will produce a redacted request from a consumer for inclusion in Plaintiff's database and information on several existing lists/databases to which Plaintiff has paid for access

5. *Produce all documents that support the following statements made on Plaintiff's website (http://www.theworldsgreatestvacations.com):*
   a. *"The World's Greatest Vacations database is laser targeted now reaching vacation travelers who within the past 24 months have purchased a trip and/or reached out to learn more. The net 1,072,000 households is by far the deepest market penetration in travel media and perfectly synergized with this are 3,000,000 digital impressions every week!"*
   b. *"Direct mail's effectiveness is at record levels and when working in conjunction with digital media, both on and offline tools are considerably more effective."*
   c. *"Valuable insider's information not found elsewhere before hitting the marketplace."*
   d. *"Our network of qualified travel enthusiasts is the largest in the industry."*
   e. *Plaintiff has "an 8% response rate."*
   f. *Plaintiff has a "10% Higher Engagement Than Industry Competitors."*
   g. *"With a median 5.72% rate of response (source: DMA), direct mail continues to be highly effective targeted marketing medium."*
   h. *"We offer the industry's only risk-free guarantee."*
   i. *"The Top 10 Facts and Questions About the World's Greatest Vacataions*
      i. *Deepest market penetration in the premium leisure category: 1,072,000. For perspective, the second deepest penetration is only 950,000.*
      ii. *We deliver a total reach in excess of 1.5 million households, with daily and weekly communications reaching an audience of over 300,000 and growing.*
      iii. *Our comprehensive multi-touch direct response platform expands your reach via daily emails, social media updates, and custom digital solutions.*
      iv. *Treasure Chest has grown every year since 1993 with ongoing partnerships with more than 200 premium leisure companies.*
      v. *We own the most relevant, targeted database of active travelers.*
      vi. *Direct mail is still one of the most effective marketing tools for driving new leads and conversions. Click here to learn more.*
      vii. *Circulation levels ranging from 362,000 to 1,072,000 are available to match your media goals and budgets.*
      viii. *For only 15 cents/unit you receive a fully turn-key solution, including postage and printing for direct mail solutions and curation and editing of content for inclusion in our digital outreach services.*

> ix. We offer custom solutions for your direct response needs. Click here to learn more.
> x. We offer the industry's only risk-free guarantee."

Response to Document Request No. 5:

    a) Plaintiff objects to this document request to the extent that it requests proprietary information, namely Plaintiff's database of consumer information. Plaintiff has already permitted defense counsel a limited inspection of the database and will not produce a copy.

    Further, this request is overbroad and unduly burdensome, to the extent that relevant information was made available on Plaintiff's website and will not be produced again.

    b) Plaintiff objects to this document request as responsive documentation is not within Plaintiff's exclusive possession and may be obtained by the Defendant from third-parties as easily as Plaintiff. Subject to the foregoing, Plaintiff is not in possession of documentation responsive to this request.

    c) Plaintiff objects to this document request as vague. The statement is not a complete grammatical sentence; thus, Plaintiff is unable to form a reasonable belief as to whether any document in its possession would be responsive to this request.

    d) Plaintiff objects to this document request to the extent that it seeks proprietary information, namely Plaintiff's database of consumer information. Plaintiff has already permitted defense counsel a limited inspection of the database and will not produce a copy. Other than the foregoing, Plaintiff is not withholding additional documentation responsive to this request.

    e) Plaintiff is not in possession documentation that is responsive to this request.

    f) Plaintiff is not in possession of documentation responsive to this request.

g) Plaintiff objects to this document request to the extent that it seeks information that is equally accessible to both parties. Also, the source of the relevant information is cited. Nonetheless, Plaintiff is not withholding documents on the basis of this objection.

h) Plaintiff objects to this request to the extent that it is cumulative. A copy of the agreement between the parties has already been provided and will not be provided again.

i-i) Plaintiff objects to this request to the extent that it calls for proprietary information, namely Plaintiff's database of consumer information. Plaintiff has allowed defense counsel a limited inspection of same and will not produce a copy. Subject to the foregoing objection, Plaintiff is not in possession of documentation responsive to this request.

i-ii) Plaintiff objects to this request to the extent that it calls for proprietary information, namely Plaintiff's database of consumer information. Plaintiff has allowed defense counsel a limited inspection of same and will not produce a copy. Subject to the foregoing objection, Plaintiff is not in possession of documentation responsive to this request.

i-iii) Plaintiff objects to this request as unduly burdensome to the extent that Defendant is already in possession of its digital promotional materials and Defendant may visit Plaintiff's social media pages.

i-iv) Plaintiff objects to this request as overly broad in that it seeks documentation outside of the scope of discovery pursuant to Rule 26(b). A complete list of Plaintiff's clients, and any other related documentation or agreements, is irrelevant to either Plaintiff's claim or any defenses raised in Defendant's Answer, let lists representing Plaintiff's clientele on an annual or other periodic basis beginning in 1993. No such list or agreements will be produced.

Subject to the foregoing objections, Plaintiff will produce a sample list of clients which it has already made available on its website.

i-v) Plaintiff objects to this request to the extent that it calls for proprietary information, namely Plaintiff's database of consumer information.  Plaintiff has allowed defense counsel a limited inspection of same and will not produce a copy.  Subject to the foregoing objection, Plaintiff is not in possession of documentation responsive to this request.

i-vi) Plaintiff objects to this request as unduly burdensome to the extent that relevant documentation was made available on Plaintiff's website and will not be produced again. Subject to the foregoing, Plaintiff is not in possession of additional documentation responsive to this request.

i-vii) Plaintiff objects to this request to the extent that it is irrelevant to the claims and defenses of the parties and is thus outside of the scope of discovery pursuant to Rule 26(b).  The Agreement outlines the relevant terms between the parties and has already been provided and will not be provided again.

i-viii) Plaintiff objects to this request to the extent that it is irrelevant to the claims and defenses of the parties and is thus outside of the scope of discovery pursuant to Rule 26(b).  The Agreement outlines the relevant terms between the parties and has already been provided and will not be provided again.  Further, documents concerning postage have already been provided.

i-ix) Plaintiff objects to this request to the extent that it is irrelevant to the claims and defense of the parties and is thus outside the scope of discovery pursuant to Rule 26(b).  The Agreement contains the terms of the parties' Agreement, and a copy of same has already been provided and will not be provided again. Notwithstanding the foregoing objection, information responsive to this request was made available on Plaintiff's website and will not be provided again.

i-x) Plaintiff objects to this request to the extent that it is cumulative.  A copy of the agreement between the parties has already been provided and will not be provided again.

6. *Plaintiff's current proprietary database (http://www.theworldsgreatestvacations.com/for-industry-clients/proprietary-database/).*

Response to Document Request No. 6:

Plaintiff objects to this document request to the extent that it requests proprietary information, namely Plaintiff's database of consumer information.  Plaintiff has already permitted defense counsel a limited inspection of the database and will not produce a copy.


Dated: March 21, 2018

/s Daniel Knox
Knox Law Group, P.C.
*Attorneys for Plaintiff*
One Penn Plaza, Suite 2430
New York, NY 10119

8