April 20, 2018

*Via ECF*

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re:    Trial in *Treasure Chest Themed Value Mail, Inc. v. David Morris International, Inc.*, 17 Civ. 00001 (NRB)

Judge Buchwald:

I represent the defendant in this action and write in response to the letter sent by Plaintiff's counsel this morning. Defendant respectfully declines to submit another request for production to Plaintiff and rests on the previous one submitted, Plaintiff's responses to it, and the hard copy printout of the database that the Court saw on April 17, 2018. Since that is the last remaining discovery matter, the case should proceed to either (1) summary judgment motions, or (2) trial and pre-trial conference.

While Plaintiff has asked to file a summary judgment motion without asking for a pre-trial motion conference as required under Part 2 of the Individual Rules, another conference may be unnecessary. The Court is aware of what the database looks like: last name, first name, physical address and zip code. Counsel repeatedly made the statement that this was only database used by Plaintiff and was required by the Court's previous order to bring everything relied upon.

Defendant respectfully submits that a reasonable jury could rule in Defendant's favor particularly after witnesses from both sides are heard from and, thus, motions under Rule 56 are unwarranted. Rule 1 states that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Defendant submits that a trial is the only way to "secure the just, speedy, and inexpensive determination" of the disputes in this case and thus asks for one.

Moreover, the Court's Individual Rules state: "The Court will set an individual schedule for filings prior to trial covering the subjects of pretrial orders, jury charges, *in limine* motions, proposed findings of fact and conclusions of law, and pretrial memoranda as appropriate." Defendant submits that the pretrial memoranda will make it clear as to whether a fact finder is needed, and Plaintiff could at that time move under Rule 50(a)(2) for a directed verdict as the Federal Rules state: "A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury." Fed. R. 50(a)(2).

1

Proceeding to trial thus does not prejudice Plaintiff because the opportunity to prevail without a jury trial is still available. Such a course of action does, however, save both the Court and parties substantial time in eliminating the review of an additional motion or cross-motions.

Defendant also irrevocably waives the right to a jury trial. Since Plaintiff did not demand a jury trial, this case should be decided by a bench trial. In Defense Counsel's experience, the bench trial should take around four (4) hours and certainly no more than one (1) day. Indeed, if the parties submit affidavits constituting the direct testimony of each trial witness, as is the practice of some judges in this District,[1] even more time can be saved.

In sum, a four (4) hour bench trial is all that is needed to secure a just, speedy, and inexpensive determination of the dispute in this case. Defendant respectfully requests one.

Respectfully submitted,
/s/ *Brian Lehman*
Brian Lehman
Lehman LG LLC
244 5th Ave., Suite B258
New York, New York 10001
724-453-4626
brian@lehmanlawgroup.com

cc: all counsel by CM/ECF

---

[1] *See, e.g.*, Individual Rules of Practice in Civil Cases, Hon. Katherine Polk Failla, Part 5, at 6-7 available at http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1189.