UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

─────────────────────────────────────────x

*Treasure Chest Themed Value Mail, Inc.*,    No. 17 Civ. 0001 (NRB)

                Plaintiff,

   -against-

*David Morris International, Inc.*,

                Defendant.
─────────────────────────────────────────x

**DEFENDANT DAVID MORRIS INTERNATIONAL, INC.'S
PROPOSED PRE-TRIAL STATEMENT OF FACTS AND LAW**

Brian Lehman
Julie Solarz
Lehman LG LLC
244 5th Ave., Suite B258
New York, NY 10001
Counsel for Defendant

## I.    PLAINTIFF'S BREACH OF CONTRACT CLAIM MUST BE DISMISSED

### A.    BACKGROUND

1.    On January 25, 2016, Treasure Chest Themed Value Mail, Inc. ("Plaintiff") and David Morris International, Inc. ("Defendant") signed a contract. Richard F. Shane signed the contract on behalf of Plaintiff. David Morris signed the contract on behalf of Defendant.

*See* DMI at 1.[1]

2.    Under the contract, Plaintiff was the "Company" and Defendant was defined as the "Sponsor." Section 1 of the signed agreement states:

> The Company hereby agrees . . . to include the Sponsor's information on two sides of an insert in the Company's direct mail business campaign to at least 730,000 vacation travelers nationwide (the "Mailing") with two logos on response card. Sponsor to also receive greater than 300,000 follow up weekly digital impressions through September 30, 2016 for two different products.

DMI at 1.

3.    Section 6 of the signed agreement states:

> Governing Law. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York.

DMI at 1.

---

[1] DMI at __ refers to the documents produced by Defendant, which include the one page signed agreement and 51-pages of emails. *See* DMI at 1-52.

## B. PLAINTIFF'S BURDEN OF PROOF ON
## THE BREACH OF CONTRACT CLAIM

4. On January 1, 2017, Plaintiff sued Defendant. Plaintiff a one claim for breach of contract against Defendant.

*See* Dkt. # 1, ¶¶ 8-13, at 2.

5. Under New York law, a party asserting a breach of contract claim must prove the material allegations in the complaint by a fair preponderance of the evidence to prevail.

*See Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 52 (2d Cir. 2011) (citing *Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York*, 375 F.3d 168, 177 (2d Cir. 2004); *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

6. The four elements of a breach of contract claim are: (1) the existence of a valid contract, (2) plaintiff's adequate performance of the contract, (3) defendant's material breach of the contract, and (4) resulting damages.

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004); *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996); *Broyles v. J.P. Morgan Chase & Co.*, No. 08 Civ. 3391, 2010 WL 815123, at *3 (S.D.N.Y. Mar. 8, 2010); *see also JP Morgan Chase v. J.H. Elec. of N.Y.*, Inc., 69 A.D.3d 802, 803 (2d Dept. 2010); *Agway, Inc. v Curtin*, 161 A.D.2d 1040, 1041 (3d Dept. 1990).

### C.     A CONTRACT WITH AMBIGUOUS TERMS MAY BE DEEMED INVALID

7.     To prove the existence of a valid contract, Plaintiff must prove by a preponderance of the evidence that: (1) at least two parties with legal capacity to enter the contract; (2) mutual assent to the terms of an agreement; and (3) consideration. Where there is an ambiguity in an agreement, there can be no mutual asset to the terms and, therefore, no enforceable contract.

> *Oswald v. Allen*, 417 F.2d 43, 45 (2d Cir. 1969) ("The rule of *Raffles v. Wichelhaus* is applicable here.") (referring to *Raffles v. Wichelhaus*, 2 Hurl. & C. 906, 159 Eng. Rep. 375 (Ex. 1864) (involving two ships called *Peerless*); *Mefer S.A. R.L. v. Naviagro Maritime Corp.*, 533 F. Supp. 337, 345 (S.D.N.Y. 1982).

8.     If two parties give different meanings to the words of a purported agreement, the party who sues for enforcement in accordance with his own meaning has the burden of proving that the other party knew what the claimant's meaning was and that the claimant did not and had no reason to know that the other party gave the words a different meaning.

> *Murphy v. Gutfreund*, 583 F. Supp. 957, 961 (S.D.N.Y. 1984); *Mefer S.A.R.L. v. Naviagro Maritime Corp.*, 533 F. Supp. 337, 345 (S.D.N.Y. 1982) (Lumbard, J., sitting by designation); *Frigaliment Importing Co. v. B.N.S. Int'l Sales Corp.*, 190 F. Supp. 116 (S.D.N.Y. 1960) (Friendly, J., sitting by designation) (famously resolving the question "What is chicken?")).

9.     In determining a party's obligations under a contract, the initial interpretation of a contract is a matter of law for the court to decide.

> *Maniolos v. United States*, 741 F. Supp. 2d 555, 566 (S.D.N.Y. 2010) ("Under New York law, 'the initial interpretation of a contract is a matter of law for the court to decide.'") *aff'd*, 469 F. App'x 56 (2d Cir. 2012) (quoting *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's*, 136 F.3d 82, 86 (2d Cir. 1998); *K. Bell & Assocs., Inc. v. Lloyd's Underwriters*, 97 F.3d 632, 637 (2d Cir. 1996).

10.     Whether or not a contract's terms are ambiguous is a question of law to be resolved by the court.

> *W.W.W. Assoc., Inc. v. Giancontieri*, 77 N.Y.2d 157, 162 (1990); *Sutton v. E. River Sav. Bank*, 55 N.Y.2d 550, 554 (1982) ("the threshold decision on whether a writing is ambiguous is the exclusive province of the court"); *see also Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's*, 136 F.3d 82, 86 (2d Cir. 1998).

11.     "Contract language is not ambiguous if it has a 'definite and precise meaning . . . concerning which there is no reasonable basis for a difference of opinion.'"

> *Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989) (quoting *Breed v. Ins. Co. of N. Am.*, 46 N.Y.2d 351, 355 (1978)).

12.     A contract is ambiguous if it is reasonably susceptible to more than one meaning.

> *See Assoc. v. Paul*, 66 N.Y.2d 570, 573 (1986) (to determine if ambiguity exists in contract court must determine "whether the agreement on its face is reasonably susceptible of more than one interpretation"); *Health-Chem Corp. v. Baker*, 737 F. Supp. 770, 773 (S.D.N.Y.1990) ("[A] term is ambiguous when it is 'capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement . . . .'"), *aff'd*, 915 F.2d 805 (2d Cir. 1990); *Angelino v. Freedus*, 69 A.D.3d 1203, 1206 (3d Dep't 2010) ("'A contract is ambiguous if the language used lacks a definite and precise meaning, and there is a reasonable basis for a difference of opinion.'"); *Fernandez v. Price*, 63 A.D.3d 672, 675, 880 N.Y.S.2d 169, 173 (2d Dep't 2009); *St. Mary v. Paul Smith's Coll. of Arts & Sciences*, 247 A.D.2d 859, 859, 668 N.Y.S.2d 813, 813 (4th Dep't 1998).

13.     The meaning of an ambiguous provision, in light of such evidence, is a question of fact for the factfinder.

> *Revson v. Cinque & Cinque, P.C.*, 221 F.3d at 66; *In Time Products, Ltd. v. Toy Biz, Inc.*, 38 F.3d 660, 665 (2d Cir.1994); *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 573 (2d Cir.1993).

### D.  PLAINTIFF MUST PROVE ADEQUATE PERFORMANCE BY A PREPONDERANCE OF THE EVIDENCE

14.  Plaintiff must prove adequate performance of the contract. As this Court has "explained from the very beginning of this case, it is plaintiff's burden, in order to prevail on its claims, to establish the value of the service it provided, *i.e.*, the list to which the advertisements were sent."

> Dkt. #33 at 1; *see* also *Am. Elec. Power Co., Inc. v. Westinghouse Elec. Corp.*, 418 F. Supp. 435, 461 (S.D.N.Y. 1976) (holding that "[i]t is axiomatic that a seller cannot recover what is due him under a contract until his performance under the contract has been demonstrated"); Dkt. # 1, ¶11, at 2 (Plaintiff's complaint alleging as part of its breach of contract claim that "Plaintiff performed all of its obligations under the Contract.").

15.  The terms of the contract include the covenant of fair dealing and good faith, which is implicit in all contracts under New York law.

> *See Wood v. Lucy, Lady Duff-Gordon*, 222 N.Y. 88 (1917); *see also Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 817 (2d Cir. 2014); *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 389 (N.Y. 1995); *Gelder Medical Group v. Webber*, 41 N.Y.2d 680 (1977); *Van Valkenburgh, Nooger & Neville v. Hayden Publishing Co.*, 30 N.Y.2d 34 (1972); *Mutual Life Insurance Co. v. Tailored Woman*, 309 N.Y. 248, 128 N.E.2d 401 (1953).

16.  Good faith and fair dealing prohibits parties from doing "anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract."

> *Kirke La Shelle Co. v. Paul Armstrong Co.*, 263 N.Y. 79, 87 (N.Y. 1933); *see also M/A-COM Security Corp. v. Galesi*, 904 F.2d 134, 136 (2d Cir. 1990) (same).

17.  "The implied covenant of good faith and fair dealing bars a party from taking actions so directly to impair the value of the contract for another party that it may be assumed that they are inconsistent with the intent of the parties."

> *LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc.*, 725 F.3d 184, 195 (2d Cir. 2013) (quotation marks and citation omitted).

6

18. The implied covenant of good faith in the performance or enforcement of all contracts "emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'"

> *Bank of China v. Chan*, 937 F.2d 780, 789 (2d Cir. 1991). (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205 cmts. a, d).

19. Defendant respectfully submits that Court should hold, as the Court has already stated (Dkt. #33), that the contract imposed the obligation on Plaintiff to use a legitimate, targeted list of travelers for the mailings and emails as such a list was necessary for effectuation of the purposes of the contract and, thus, imposed under the implied under the doctrine of good faith and fair dealing.

> 5/3/2018 Tr. at 14.[2]

### E. PLAINTIFF HAS FAILED TO PROVIDE EVIDENCE OF ADEQUATE PERFORMANCE OF THE CONTRACT'S OBLIGATIONS

20. Prior to the conference on May 3, 2018, Defendant "requested that plaintiff bring 2 pages in hard copy. Amazingly, plaintiff refused." Plaintiff was directed "under pain of contempt" to "bring to court the list(s) plaintiff actually employed pursuant to the contract and bring 10 hard copy pages, selected as follows: starting at page 5 the 20th page thereafter until 10 hard copies are available for the Court's inspection."

> Dkt. #33 at 1-2.

21. At the court-ordered conference held on May 3, 2018, Plaintiff's counsel brought a copy of the list and was asked by counsel for Defendant if "this the only list that was used for the purpose of benefiting my client? Were there other lists floating out there?" Plaintiff's counsel stated, "This is the spring 2016 list that was used. This is what was contracted in the contract, and this is the only list for that period of time."

> 5/3/18 Tr. at 8.

---

[2] 5/3/18 Tr. refers to the May 3, 2018 Transcript.

22.     Plaintiff's database contained entries for the last name, first name, physical address and zip code. No other information was contained in the database.

> Tr. at 4.

23.     The database shown in Court in response to the Court's order was "the same list that [Defense Counsel] saw in terms of columns when we went to Mr. Know's office."

> Tr. at 12; *see also* Dkt. #36 (Defense counsel letter to Court requesting trial and stating, "The Court is aware of what the database looks like: last name, first name, physical address and zip code. Counsel repeatedly made the statement that this was only database used by Plaintiff and was required by the Court's previous order to bring everything relied upon).

24.     Plaintiff has not provided any evidence that there was an adequate performance of Plaintiff's obligations including if (1) Plaintiff mailed anything to 730,000 vacation travelers nationwide with two logos on response card or emailed greater than 300,000 vacation travelers, or (2) that there was a legitimate, targeted list of travelers for the mailings and emails.

> 5/3/2018 Tr. at 14.

## F.   DEFENDANT VOLUNTARILY WITHDRAWS ITS FRAUD AND BREACH OF CONTRACT COUNTERCLAIMS AGAINST PLAINTIFF

25.   On June 28, 2017, Defendant filed its counterclaims asserting claims of fraud and unjust enrichment or, in the alternative, breach of contract.

> Dkt. #13, ¶¶ 18-21 (fraud), ¶¶25-29 (breach of contract).

26.   At trial, Defendant will only call witnesses, if any, for impeachment purposes and, therefore, has not submitted any direct testimony in the form of an affidavit.

> *See Marcelino v. 374 Food, Inc. d/b/a Tribeca Bagels*, No. 16 Civ. 6287 (KPF), 2018 WL 1517205 (S.D.N.Y. Mar. 27, 2018) (bench trial in which Defendants did not submit any direct testimony in the form of an affidavit but elected only to present evidence to impeach).

27.   Defendant hereby withdraws its fraud and breach of contract claims.

28.   Regarding Defendant's claim of unjust enrichment, the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in unjust enrichment for events arising out of the same subject matter.

> *Clark-Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388 (1987); *see also Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc.*, 448 F.3d 573, 586-587 (2d Cir. 2006); *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005).

29.   Because the Court has not yet determined whether the contract at issue is valid, plaintiff does not withdraw its counterclaim of unjust enrichment.

> *See Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, 452 (S.D.N.Y. 2014) (holding that "even though Plaintiffs may not ultimately recover under both the breach of contract and unjust enrichment claims, courts in this Circuit routinely allow plaintiffs to plead such claims in the alternative."); *Maalouf v. Salomon Smith Barney, Inc.*, No. 02 Civ. 4770, 2003 WL 1858153, at *7 (S.D.N.Y. Apr. 10, 2003); *Orange Cnty. Choppers, Inc. v. Olaes Enters., Inc.*, 497 F. Supp. 2d 541, 557 (S.D.N.Y. 2007); *Chrysler Capital Corp. v. Century Power Corp.*, 778 F. Supp. 1260, 1272 (S.D.N.Y. 1991).

### G.   PROPOSED JUDGMENT ON PLAINTIFF'S CLAIM

30.   Because Plaintiff has failed to prove adequate performance of the contract by the plaintiff by a preponderance of the evidence, it is respectfully requested that the Court issue a Judgment on Decision by the Court holding that the plaintiff take nothing and Plaintiff's action be dismissed on the merits pursuant to Rule 58 of the Federal Rules of Civil Procedure.

> *See* Fed. R. Civ. P. 54 & 58; *see also* Fed. R. Civ. P. Form 32 (providing illustration of judgment to be entered upon a decision of the court).