June 1, 2018

*Via CM/ECF*

Hon. Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street,
New York, New York 10007

**Re:  Motion to Preclude Plaintiff's Evidence in** *Treasure Chest Themed Value Mail, Inc. v. David Morris Int'l, Inc.***, No. 17 Civ. 0001 (NRB)**

Judge Buchwald:

As counsel for Defendant, and in anticipation of the bench trial to take place on Tuesday, June 5, 2018, I respectfully file this letter to give notice to the Court and opposing counsel that I intend to make two oral motions prior to trial.[1]

*First*, under Rule 52(c) of the Federal Rules of Civil Procedure, I intend to move for the Court to enter judgment against Plaintiff on Plaintiff's breach of contract claim. *Second*, I intend to make an oral motion *in limine* to exclude untimely evidence submitted with Plaintiff's affidavit of direct testimony (*i.e.*, Exhibits D, E, F and G). Because these exhibits were not produced during discovery, Rule 37(c) prohibits Plaintiff from introducing them.

### Rule 52(c) Allows for Entry of Judgment Against Plaintiff

Under Rule 52(c): "If a party has been fully heard on an issue during a nonjury trial and the court finds against the party on that issue, the court may enter judgment against the party on a claim . . . that, under the controlling law, can be maintained . . . only with a favorable finding on that issue." Fed. R. Civ. P. 52(c).

Plaintiff has been fully heard. On May 3, 2018, this Court held a pre-trial conference at which the Court instructed the parties to submit affidavits for direct testimony within three weeks. Prior to filing the affidavit, Plaintiff's counsel called the Court's chambers to ask if Plaintiff would also be allowed to submit direct testimony at the trial (*i.e.*, by testifying on the stand) or, instead, if all direct testimony should be in the affidavit. In response, the Court, through its clerk, instructed Plaintiff's counsel that all direct testimony must be in the affidavit and subsequently informed the undersigned counsel of the conversation.

---

[1] Notice is not required under the Federal Rules of Civil Procedure. Rather, I have given notice to opposing counsel to facilitate an efficient resolution of the issues raised herein.

1

On May 24th, Plaintiff submitted its affidavit and attached exhibits (Dkt. #39). The only matter for trial is cross-examination by defense counsel, if any, on the issues raised by the affidavit. Thus, Plaintiff has been fully heard, and Plaintiff knew prior to submission that the affidavit needed to prove his claim.

As the Court has "explained from the very beginning of this case, it is plaintiff's burden, in order to prevail on its claims, to establish the value of the service it provided, i.e., the list to which the advertisements were sent." Dkt. #33. Prior to issuing this Order (Dkt. #33), the Court held an in-person conference as well as telephone conference in which it clearly explained Plaintiff's burden.

Plaintiff's affidavit, however, does not support Plaintiff's breach of contract claim. Among other things, Plaintiff has not presented any evidence regarding the database -- not even the printout that Plaintiff was compelled to produce by court order (Dkt. #33). Moreover, Plaintiff's counsel has not turned over any evidence regarding the list used despite this Court's order to "turn over to Mr. Lehman everything your client claims to have relied on in this mailing." 4/19/2018 Transcript of Conference at 19 (attached). Because Plaintiff's affidavit does not support a critical element of Plaintiff's breach of contract claim -- i.e., adequate performance of the contract -- the court may enter judgment against Plaintiff on his breach of contract claim.

## Standard for Excluding Untimely Evidence

A motion in limine is "any motion whether made before or during trial to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* when the evidence is clearly inadmissible. *See Luce*, 469 U.S. at 41 n.4; *see generally* 75 Am. Jur. 2d Trial § 98 (2007) (explaining a motion *in limine* may be used "to narrow the issues, shorten the trial, and save costs for the litigants, it has been said that many courts will encourage the use of motions in limine whenever appropriate").

Under Rule 26(e), if a party learns that its initial disclosures or previous response to a document request is materially incomplete or incorrect, the party must supplement or correct that answer in a timely manner. *See* Fed. R. Civ. P. 26(e)(1). To give teeth to Rule this requirement, the Federal Rules create a consequence for failure to timely supplement: the party may not use the previously undisclosed information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see also* Fed. R. Civ. P. 37(c) advisory committee note (1993) (stating that "automatic sanction" of exclusion "provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence"); 8B Charles Alan Wright et al., *Federal Practice & Procedure (Civil)* § 2289.1 (3d ed. and 2017 Supp.). The purpose of Rule 37(c) is to prevent the practice of "sandbagging" an opposing party

with new evidence. *See Pace v. Air & Liquid Sys. Corp.*, 171 F. Supp. 3d 254, 265 (S.D.N.Y. 2016) (quoting *Hooks v. Forman Holt Eliades & Ravin LLC*, No. 11 Civ. 2767 , 2015 WL 5333513, at *4 (S.D.N.Y. Sept. 14, 2015)).

Preclusion is not mandatory, however. *See, e.g., Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297-98 (2d Cir. 2006). Rather, a district court has "wide discretion" in deciding whether to impose sanctions and, if it does, what sanctions to impose. *Id.* at 294-98. The Second Circuit has held that a district court should consider a nonexclusive list of four factors: (1) the party's explanation for its failure to disclose, (2) the importance of the evidence, (3) the prejudice suffered by the opposing party, and (4) the possibility of a continuance. *See id.* A finding of bad faith is not required before sanctions can be imposed under Rule 37(c)(1). *See id.* "The party that violates Rule 26 bears the burden of showing that its violation was either substantially justified or harmless." *Agence France Presse v. Morel*, 293 F.R.D. 682, 685 (S.D.N.Y. 2013) (citing *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012)).

Prior to submitting its direct testimony affidavit last week, Plaintiff had produced evidence on four occasions to Defendant: July 1, 2017 (initial disclosures), September 15, 2017 (responses to document request), December 14, 2017 (one email deemed by Plaintiff's counsel to be a "recently discovered correspondence"), and March 23, 2018 (supplemental production to document request). On April 18, 2018, Defense counsel stated it was ready for trial (Dkt. #34) and waived trial by jury.

Plaintiff's direct testimony affidavit attaches four documents that were not produced during discovery: Exhibit D -- a purported "postal receipt," (2) Exhibit E -- a so-called "digital impression," (3) Exhibit F -- an email dated, June 21, 2016, and (4) Exhibit G -- an email regarding a so-called Matchback Report.

As Defendant will argue prior to trial, such evidence should be precluded as untimely under Rule 37(c). *See, e.g., Estate of Jaquez v. Flores*, No. 10 Civ. 2881 (KBF), 2016 WL 1060841, at *8 (S.D.N.Y. Mar. 17, 2016) (precluding evidence that was first disclosed after the close of discovery because, among other things, the plaintiffs had been "clearly aware that [the relevant] issues would be hotly contested and central to the case, and merely sought to sandbag the defendants at this late hour"); *Quiles v. City of N.Y.*, No. 11-CV-5613 (FM), 2014 WL 1918635, at *5-6 (S.D.N.Y. May 8, 2014) (precluding documents disclosed for the first time shortly before trial where "the records in question relate[d] directly to [a known] issue").

/s/ *Brian Lehman*
Brian Lehman
Counsel for Defendant

cc: Plaintiff's counsel by CM/ECF