June 3, 2018

*Via CM/ECF*

Hon. Naomi Reice Buchwald
United States District Judge
United States Courthouse
500 Pearl Street,
New York, New York 10007

**Re: Reply Letter on Motion for Judgment and Motion to Preclude Plaintiff's Evidence in** *Treasure Chest Themed Value Mail, Inc. v. David Morris Int'l, Inc.*, **No. 17 Civ. 0001 (NRB)**

Judge Buchwald:

As my letter of Friday, June 1, 2018 explained (Dkt. 45), I wrote to the Court to provide notice that, prior to the trial, I would orally move:

> (1) for judgment to be entered against Plaintiff on Plaintiff's breach of contract claim under Rule 52 of the Federal Rules of Civil Procedure; and
>
> (2) to preclude Exhibits D, E, F and G under Rule 37(c)(1) as they were not previously produced.

I offered notice so that there could be a more considered judgment than might be afforded Tuesday morning at 9:30 a.m. For this reason, I appreciate Plaintiff's counsel's written response submitted this afternoon and submit this brief reply.

## Rule 52

The motion for judgment to be entered under Rule 52 is straightforward and, given Plaintiff's response, should be considered fully submitted. The only question is does Plaintiff's affidavit prove Plaintiff's breach of contract claim?

The parties agree on the law that applies: Among other things, Plaintiff must prove "performance by the plaintiff" of the contract's requirements. Dkt. 40-2 ¶4 (Plaintiff's proposed statement of law). As Plaintiff has stated in its proposed statement of the law, "one of the indispensable elements of a claim for breach of contract is the proponent's performance pursuant to the terms of the contract." *Id.*

1

¶31; *see also* Dkt. # 41 ¶¶ 6, 14 (Defendant's proposed statement of facts and law stating that Plaintiff must show "adequate performance of the contract").

The relevant part of the written agreement states:

> The Company hereby agrees . . . to include the Sponsor's information on two sides of an insert in the Company's direct mail business campaign to at least 730,000 vacation travelers nationwide (the "Mailing") with two logos on response card. Sponsor to also receive greater than 300,000 follow up weekly digital impressions through September 30, 2016 for two different products.

Dkt. # 41 ¶2. Does Plaintiff's direct testimony affidavit prove that Plaintiff fulfilled its obligations under the contract including those requirements imposed by the good faith and fair dealing doctrine?

Defendant respectfully submits that Plaintiff's affidavit (including all of the contestable exhibits) fails to prove performance of the contract's requirements. Plaintiff has been fully heard, and Plaintiff's evidence falls short. Judgment should be entered against Plaintiff on this claim without spending needless time on a trial.

### **Rule 37(c)(1)**

As far as Defendant's motion *in limine* under Rule 37(c)(1) is concerned, Plaintiff concedes that Exhibits D, E, F and G were only produced with the direct testimony affidavit --- a full three weeks after the Court held the final pre-trial conference and less than two weeks before trial this Tuesday morning.

As Defendant intends to raise several evidentiary objections to the exhibits, including their inadmissibility under Rule 37(c)(1), Defendant respectfully submits that the Court should hear the objections prior to the beginning of cross-examination of Mr. Shane as the Court's decisions will affect the questioning. Defense counsel does, however, note that he strongly disagrees with numerous factual statements made by Plaintiff's counsel including statements in footnotes that are asserted without any evidence or proof.

Sincerely,
/s/ *Brian Lehman*
Brian Lehman
Counsel for Defendant

cc: Plaintiff's counsel by CM/ECF