

Brian Lehman <lehmanlawgroupny@gmail.com>

# Treasure Chest v. David Morris
1 message

---

**Daniel Knox** <dknox@knoxlaw.nyc>                                   Wed, Aug 2, 2017 at 6:16 PM
To: Brian Lehman <brian@lehmanlawgroup.com>, Julie Solarz <Julie.Solarz@lehmanlawgroup.com>

Good evening,

Pursuant to our telephone conversation earlier today, please find attached Plaintiff's discovery demands.

Also attached is a copy of Plaintiff's initial disclosures. Although you stated that you believe you received it and the attached agreement, I was only able to confirm an unsent e-mail containing same on my end. Nonetheless, an additional copy is attached.

Regards,

**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119

(o): (212) 239-1114

(f): (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL

The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

---

**3 attachments**

 **Interrogatories.pdf**
350K

 **Request for Production.pdf**
361K

**Initial Disclosures.pdf**
388K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREASURE CHEST THEMED VALUE MAIL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> DAVID MORRIS INTERNATIONAL, INC., <br><br> Defendant. | Civil ActionNo. <br> 1:17-cv-0001-NRB |

**PLAINTIFF, TREASURE CHEST THEMED VALUE MAIL, INC.'s INITIAL DISCLOSURES PURSUANT TO RULE 26(a)(1)**

Pursuant to Federal Rule of Civil Procedure 25(a)(1) and the Joint Report Outlining Discovery Plan, plaintiff, Treasure Chest Themed Value Mail, Inc. ("Plaintiff"), through its undersigned counsel, makes the following initial disclosures to the defendant in this action. These disclosures are based on information presently known and reasonably available to Plaintiff and which Plaintiff reasonably believes it may use in support of its claims and defenses. Continuing investigation and discovery may cause Plaintiff to amend these initial disclosures, including by identifying other potential witnesses, documents and by disclosing other pertinent information. Plaintiff therefore reserves the right to supplement these initial disclosures.

By providing these initial disclosures, Plaintiff does not represent that it is identifying every document, tangible thing or witness possibly relevant to this action. In addition, these disclosures are made without Plaintiff in any way waiving its right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures on any grounds, including competency, privilege, relevancy and materiality, hearsay, undue burden,

confidentiality, or any other appropriate grounds. Furthermore, these disclosures are not an admission by Plaintiff regarding any matter.

Each and every disclosure set forth below is subject to the above qualifications and limitations.

1. **Individuals Likely To Have Discoverable Information**

Individuals likely to have discoverable factual information that Plaintiff may use to support its claims and/or defenses in this action are identified as follows:

Richard Shane
211 East 70th Street, 15E
New York, NY 10021

Principal of Plaintiff

2. **Description of Documents**

The following enumerates documents, data compilations, and other tangible things in the possession, custody or control of Plaintiff that Plaintiff may use to support its defenses:

a. Documents regarding the agreement between the parties, dated January 25, 2016, a copy of which is annexed hereto.

b. Correspondence between the parties related to Plaintiff's claims herein.

c. Documents regarding Plaintiff's performance of its contractual obligations.

3. **Computation of Damages**

Plaintiff is entitled to contractual damages, including:

a. Participation and Printing fee of approximately $95,000.00, as set forth in Section 3 of the Agreement.

b. Interest at a rate of 1.5% per month, as set forth in Section 4 of the Agreement.

    c. Actual court costs incurred by Plaintiff, which amounts continue to accrue.

    d. Attorney's Fees, which continue to accrue and will be decided by the trier of fact.

**4. <u>Insurance Agreements</u>**

None.

Dated: July 1, 2017                          Respectfully submitted,

<u>/s Daniel Knox</u>
Knox Law Group, P.C.
*Attorneys for Plaintiff*
One Penn Plaza, Suite 2430
New York, NY 10119

# VACATION TRAVEL MAILING
# PARTICIPATION AGREEMENT

AGREEMENT (the "Agreement") made and entered into by and between Treasure Chest Themed Value Mail, Inc., a New York Corporation (the "Company"), and David Morris Intl, a California Corporation (the "Sponsor").

Section 1.      Services. The Company hereby agrees, subject to the satisfaction of the terms and conditions set forth herein, to include the Sponsor's information on two sides of an insert in the Company's direct mail business campaign to at least 730,000 vacation travelers nationwide (the "Mailing") with two logos on response card. Sponsor to also receive greater than 300,000 follow up weekly digital impressions through September 30, 2016 for two different products.

Section 2.      Mailing. The Mailing shall commence on or about March 28, 2016 and continue until approximately April 11, 2016 (the "Mailing Date").

Section 3.      Participation and Printing Fee. The participation and printing fee to include one Sponsor insert in the Mailing shall be $45,000 payable July 1, 2016 and up to $40,000 in airfare and hotel accomodations at fair market value and up to $10,000 value in Arosa cruises.

Sponsor is guaranteed greater than 3,000 total leads. Falling short, the following season is free.

Section 4.      Indemnification. The Sponsor hereby agrees to be solely responsible for, to defend, and to indemnify the Company and its respective directors, officers, agents and employees, and to hold each of them harmless from any claims, demands, causes of action, or damages, including reasonable attorney's fees and court costs, arising out of, or in connection with, any Sponsor insert and/or use of any products described therein included in the Mailing, so long as the Company no way alters or modifies the Sponsors insert without the written consent of the Sponsor. In the event of monies past due; 1.5% monthly finance fee applies; costs necessary to collect past due balance paid by Sponsor.

Section 5.      Liability. The Company is not liable for delays in mailing and/or non-mailing in the event of Act of God, action by any governmental or quasi-governmental entity, fire, flood, insurrection, riot, explosion, strikes whether legal or illegal, labor or material shortage, transportation interruption of any kind, work slowdown, or any condition beyond control of the Company affecting production or delivery in any manner.

Section 6.      Governing Law. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York.

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed as of the date first above written.

TREASURE CHEST                                        Dated: 25 January, 2016
THEMED VALUE MAIL, INC.

By:_____
Richard F. Shane                                      Name:  David Morris
President                                             Title:    President
                                                      David Morris International, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| TREASURE CHEST THEMED VALUE MAIL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> DAVID MORRIS INTERNATIONAL, INC., <br><br> Defendant. | Civil ActionNo. <br> 1:17-cv-0001-NRB <br><br><br> **PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS** |

  Plaintiff Treasure Chest Themed Value Mail, Inc. ("Plaintiff"), by its counsel, Knox Law Group, P.C., hereby request, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rules 26-37 of the Local Civil Rules of the United States District Court for the Southern District of New York, that Defendant David Morris International, Inc., within thirty (30) days of the date of service hereof, produce for inspection and copying the documents described below. The documents are to be produced by arrangement with and at the office of Plaintiff's counsel, Knox Law Group, P.C., One Penn Plaza, New York, New York 10119.

  The following definitions and instructions shall apply to each and every part of this Request for Production of Documents (the "Request") as if fully set forth therein:

## **DEFNITIONS**

  1. "Plaintiff" shall mean Treasure Chest Themed Value Mail, Inc. and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

  2. "David Morris" shall mean David Morris International, Inc. and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

  3. "You" and "your" shall mean David Morris and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

  4. "Complaint" shall mean the complaint in this action.

  5. The "Agreement" shall mean the agreement between you and Plaintiff, dated January 25, 2016.

    6.  "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    7.  "Document" and "documents" are used in the broadest permissible sense under the Federal Rules of Civil Procedure and shall include, without limitation, tangible things and all written, typewritten, recorded (including audio or videotape or both), graphic, photographic (including negatives), facsimile transmissions, or computerized materials in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access and every copy of such document which contains any commentary or notation not appearing in the original.

    8.  "Person" shall mean any natural person or any business, legal or governmental entity or association.

    9.  "Entity" shall mean any company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, organization or any other similar type of group through which business is conducted, or any director, officer, employee or agent thereof.

    10. "Concerning" shall mean relating to, referring to, describing evidencing or constituting.

    11. "Relate to" and "relating to" shall mean and include any information concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter of the discovery request in which such term is used.

    12. "All" and "each" shall be construed as all and each.

    13. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    14. Singular forms of any noun or pronoun shall embrace and be read to include the plural as the context may make appropriate.

    15. Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## INSTRUCTIONS

    1.  Whenever a request calls for information which is not available to David Morris in the form requested, but is available in another form or can be obtained, at least in part, from other

data in David Morris' possession, so state and either supply the information requested in the form in which it is available or supply the data from which the information requested can be obtained.

2. This request is continuing in nature. David Morris shall supplement its responses to this Request, as and when additional responsive documents become known or available to David Morris, or when so requested by Plaintiff prior to trial.

3. David Morris shall produce all documents in its possession, custody, or control, including documents in the possession, custody or control of David Morris and its organizers and owners, their subsidiaries and affiliates, and their officers, directors, employees, agents, representatives, successors, assigns and attorneys and all persons acting or purporting to act on behalf of David Morris or who are in possession of or who may have obtained information for or on behalf of David Morris in regard to the subject matter of this case.

4. David Morris shall produce responsive documents as they are kept in the usual course of business, or organize and label them to correspond with the categories in this Request, pursuant to Rule 34(b) of the Federal Rules of Civil Procedure. Documents shall be produced in a manner that permits the source of the documents to be easily ascertained.

5. Where a claim of privilege is asserted in objecting to any document request or subpart thereof, David Morris shall comply with Rule 26.2 of the Local Civil Rules of the United States District Court for the Southern District of New York, and assert the privilege in the following manner:

    a. The attorney asserting the privilege shall, in the objection to the document demand, or subpart thereof, identify the nature of the privilege (including work product) which is being claimed or defense governed by state law, indicate the state's privilege rule being invoked; and

    b. The following information shall be provided in the objection, unless divulgence of such information would cause disclosure of the allegedly privileged information:

        i. The type of document;

        ii. General subject matter of the document;

        iii. Date of the document

        iv. Such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the

        document, the addresse of the document, and, where not apparent, the relationship of the author and addressee to each other.

    6. Each document request, and each subpart thereof, shall be separately set forth and accorded a separate answer.  Each response shall set forth verbatim the document request to which it is responsive, followed by David Morris' response.

    7. No part of a document request shall be left unanswered merely because an objection is interposed to another part of the document request.

    8. If David Morris objects to any document request or subpart thereof, the objection shall state with specificity all grounds.  Any ground not stated shall be waived.

    9. If David Morris is unable to answer any document request, the reasons for David Morris' inability to answer shall be separately stated in detail for each document request.

    10. Failure to provide information in response to these document requests will be deemed a waiver of David Morris' right to produce such evidence at trial.  Plaintiff reserves the right to move to preclude the introduction of any evidence not produced in response to this Request.

    11. In the event that David Morris is not in possession of any document requested.  David Morris shall take all appropriate steps to aid in the recovery of the document from other sources, including but not limited to providing identifying information and providing authorizations, waivers or releases, where required.

## **REQUESTS FOR PRODUCTION**

    1. All documents mentioned in David Morris' responses to Plaintiff's First Set of Interrogatories to Defendant

    2. All documents requested or required to be identified by David Morris in response to Plaintiff's First Set of Interrogatories to Defendant.

    3. All documents evidencing the terms of the agreement between David Morris and Plaintiff.

    4. Documents sufficient to establish David Morris' date and state of incorporation.

    5. Documents sufficient to establish the professional histories of persons involved in negotiating the terms of the Agreement, including, but not limited to, their resumes.

6. All documents that mention, discuss, evidence, refer to or relate to the date

Dated: August 2, 2017                                         Respectfully submitted,

                                                                          /s Daniel Knox  
                                                                          Knox Law Group, P.C.  
                                                                          *Attorneys for Plaintiff*  
                                                                          One Penn Plaza, Suite 2430  
                                                                          New York, NY 10119

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREASURE CHEST THEMED VALUE MAIL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> DAVID MORRIS INTERNATIONAL, INC., <br><br> Defendant. | Civil ActionNo. <br> 1:17-cv-0001-NRB <br><br> **PLAINTIFF'S FIRST SET OF INTERROGATORIES** |

     Plaintiff Treasure Chest Themed Value Mail, Inc. ("Plaintiff"), by its counsel, Knox Law Group, P.C., hereby request, pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rules 26-37 of the Local Civil Rules of the United States District Court for the Southern District of New York, that Defendant David Morris International, Inc., within thirty (30) days of the date of service hereof, answer the following interrogatories under oath.

     The following Definitions and Instructions shall apply to each and every part of this First Set of Interrogatories as if fully set forth therein:

## DEFNITIONS

    1. "Plaintiff" shall mean Treasure Chest Themed Value Mail, Inc. and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

    2. "David Morris" shall mean David Morris International, Inc. and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

    3. "You" and "your" shall mean David Morris and any of its officers, directors, employees, agents and representatives and all persons acting or purporting to act on its behalf.

    4. "Complaint" shall mean the Complaint in this action.

    5. "Counterclaims" shall mean the section of David Morris' amended answer in this action which alleges its counterclaims against Plaintiff.

    6. The "Agreement" shall mean the agreement between you and Plaintiff, dated January 25, 2016.

    7. "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

    8. "Document" and "documents" are used in the broadest permissible sense under the Federal Rules of Civil Procedure and shall include, without limitation, tangible things and all written, typewritten, recorded (including audio or videotape or both), graphic, photographic (including negatives), facsimile transmissions, or computerized materials in whatever form, including copies, drafts, and reproductions thereof to which you have or have had access and every copy of such document which contains any commentary or notation not appearing in the original.

    9. "Person" shall mean any natural person or any business, legal or governmental entity or association.

    10. "Entity" shall mean any company, corporation, partnership, union, joint venture, sole proprietorship, association, government agency, organization or any other similar type of group through which business is conducted, or any director, officer, employee or agent thereof.

    11. "Concerning" shall mean relating to, referring to, describing evidencing or constituting.

    12. "Relate to" and "relating to" shall mean and include any information concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter of the discovery request in which such term is used.

    13. "All" and "each" shall be construed as all and each.

    14. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

    15. Singular forms of any noun or pronoun shall embrace and be read to include the plural as the context may make appropriate.

    16. Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## **INSTRUCTIONS**

1. This request is continuing in nature. David Morris shall supplement its responses to this Request, as and when additional responsive documents become known or available to David Morris, or when so requested by Plaintiff prior to trial.

2. In the event that any document responsive to an interrogatory herein has been destroyed, discarded or otherwise disposed of, identify that document as completely as possible, including its author, addressees, carbon or blind copies, date, subject matter, date of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

3. If precise information cannot be supplied, state the best estimate or approximation (including the best approximation of dates by references to other events, when necessary) designated as such.

4. If David Morris has no information about the subject of a particular interrogatory, or if for some other reason David Morris is unable to answer it, the response to that interrogatory should specifically so state, and no interrogatory should be without some response. If David Morris has some information now available which would also be responsive, David Morris should provide the information it now has and should specifically state when the balance of the information will be provided. The fact that a full answer cannot be given is not a basis for David Morris to fail to provide such information as is available to it at the time of the response to these interrogatories.

5. Any objection to any interrogatory, or subpart thereof, shall state with specificity all grounds.

6. No part of an interrogatory shall be left unanswered merely because an objection is interposed to another party of the interrogatory.

## **INTERROGATORIES**

1. Identify all persons related to David Morris that participated in negotiating the agreement with Plaintiff.

2. Identify the documents provided to Plaintiff to be included in Plaintiff's mailing.

3. Identify David Morris' relationship to any entity referenced in the documents responsive to Interrogatory #2.

4. Describe the educational background and professional experience of each person that participated in negotiating the Agreement.

5. Identify each statement made by Richard Shane upon which David Morris intends to rely in support of its counterclaims.

6. Identify each advertising campaign in which David Morris participated over the three-year period prior to entering into the Agreement.

7. Identify the method employed by David Morris to track bookings that it receives from its advertising efforts.

8. Of those methods identified in response to Interrogatory # 7, state which method David Morris employed to track bookings it received from Plaintiff's service.

9. Identify the method by which David Morris calculated its alleged damages, as referred to in paragraph 17 of its Counterclaims.

10. State the names and addresses of each person David Morris expects to call as a witness at trial of this action, and for each witness identify the subject matter and substance of the facts on which person is expected to testify.

Dated: August 2, 2017                                Respectfully submitted,

                                                     /s Daniel Knox
                                                     Knox Law Group, P.C.
                                                     *Attorneys for Plaintiff*
                                                     One Penn Plaza, Suite 2430
                                                     New York, NY 10119