November 6, 2018

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

        **Re: Reply Letter** *Treasure Chest Themed Value Mail, Inc. v. David Morris International, Inc.*, **17 Civ. 0001 (NRB)**

Your Honor:

        I write in reply to Plaintiff's objection (Dkt. #57) to my motion to strike (Dkt. #56). Even though the case is being appealed, Plaintiff seeks a certified copy of the judgment to be registered in another district. Plaintiff has used as a template the language of the Form 451 of the Administrative Office of the U.S. Courts. *See* "Clerk's Certification of a Judgment to be Registered in Another District" *available at* http://www.uscourts.gov/forms/civil-judgment-forms/clerks-certification-judgment-be-registered-another-district.

        In my initial letter, I objected to the language included in the template that would require the Clerk of the Court to falsely state that "the time for appeal has expired." The import of the language in Form 451 comes from 28 U.S.C. § 1963, which allows a judgment creditor to "register" her judgment in a foreign jurisdiction merely by filing a certified copy of the judgment in that district. A registered judgment has "the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963.

        In its current form, the relevant language of 28 U.S.C. § 1963 provides, "A judgment in an action for the recovery of money or property . . . may be registered . . . when the judgment has become ***final by appeal or expiration of the time for appeal*** . . . ." *Id.* (emphasis added). The language in Form 451 is taken from Section 1963. As the title of the document demonstrates, the certificate is used when one seeks to use Section 1963 to register the judgment in another district.

        But, as previous explained, the time for the appeal has not expired. Plaintiff apparently concedes as much because he does have any objection to my argument that the appeal may be reinstated by writing to the Clerk of the Second Circuit on or before December 17, 2018.

        In short, Plaintiff seeks to have the Clerk of the Court issue a certificate with false statements and then have courts in other districts use that false certificate in a manner that

runs afoul of Section 1963. Such a request should not be countenanced; Plaintiff's request should be stricken from the docket so that the Clerk does not issue a false certificate.

Plaintiff also argues "there is no rule proscribing Plaintiff from enforcing the judgment while an appeal is pending." Dkt. #57 at 1. This is true and Defendant has not ever contended otherwise. But the way to do enforce a judgment is through a new action under either a debt theory or an action of indebitatus assumpsit. *See* Note, Registration of Federal Judgments, 42 IOWA L. REV. 285, 285 (1957).

Finally, Plaintiff contends that he "has been prejudiced by the mere submission of Defendant's motion." Dkt. 57 at 1. This is incorrect as Plaintiff has always had – and continues to have – the ability to enforce the judgment in the manner done since 1789, if not earlier. What Plaintiff should not be able to do is make a request from the Clerk of the Court to issue a certificate with false statements and otherwise seek to misuse the power Congress gave to the courts when it enacted 28 U.S.C. § 1963.

Sincerely,<br>
/s/ *Brian Lehman*<br>
Brian Lehman<br>
Lehman LG LLC<br>
Counsel for Defendant

*Counsel of Record Served
by CM/ECF*