December 28, 2018

Hon. Naomi Reice Buchwald
United States District Judge
United States District Court for the
Southern District of New York
500 Peal Street
New York, New York 10007

Re:   Response to Plaintiff's request for a pre-motion conference in *Treasure Chest Themed Value Mail, Inc. v. David Morris Int'l, Inc.*, 17 Civ. 0001

Dear Judge Buchwald:

I represent Defendant David Morris International, Inc., in the above-caption matter. Defendant respectfully submits that Plaintiff's request for a pre-motion conference should be denied.

## Background on Enforcement of Judgments

Defendant concedes that Plaintiff is entitled to collect on the judgment by judicial process even prior to the appeal being final. Rule 69 of the Federal Rules of Civil Procedure authorizes Plaintiff to collect the judgment in any manner allowed under the laws of the state in which the federal court sits. Rule 69 also permits discovery in the manner provided by the federal rules or in the manner provided by the state.

A successful litigant such as Plaintiff merely needs to bring a separate action on the judgment. It is hardly a complicated process: The litigant files a complaint in the foreign federal district, attaches a copy of the original judgment, and proceeds forward.

This judicial process has been followed since 1789 and it provides all parties with a **judge** to preside over the process. This is critical in order to comply with the due process rights of all parties, including third parties to the dispute. For example, if a dispute arises over who owns particular assets or how to untangle the judgment creditors' assets from the assets of third parties, the judge may resolve the dispute.

Equally important is that a judge presiding over the process provides a way for the parties to unwind a situation if the judgment is modified or reversed by the appellate court. In such circumstances, the holder of the judgment would have submitted to the foreign court's jurisdiction that issued the order seizing the assets and could order them returned in a quick and efficient manner. Likewise, if a lien on a judgment debtor's property was imposed, the court could remove it. This is particularly important if the judgment debtor jointly owns property, or his legal assets are otherwise entangled with another person or entity (*e.g.,* joint bank accounts, membership interests in an LLC, etc.).

1

Plaintiff **has taken no steps** to avail itself of this normal process over which a judge would preside. Instead, Plaintiff seeks to use 28 U.S.C. § 1963, which is an exception to the judicial process that became effective on September 1, 1948. Section 1963 permits a judgment creditor to register the judgment by simply filing a copy of the judgment with the clerk of the registering court. A judgment creditor may also create a lien on the judgment debtor's property in another district.

Again, all of this happens without judicial oversight, and it happens without any efficient way to unwind the situation if the judgment is modified or reversed on appeal. Indeed, the ability to unwind a situation appears to be why the original statute only permitted registration when the judgment was "final by appeal or expiration of time for appeal." *Id.* Once such events have occurred, the judgment is set in stone.

### Plaintiff has not indicated that good cause can be shown after briefing

Plaintiff has not put forth any case law that supports his position that the Court should issue an order for good cause under Section 1963. Plaintiff's counsel mere states, "Plaintiff is confident that the contemplated motion has merit and that it can make the requisite showing for the Court to grant the motion," Dkt. #60 at 2. Missing from counsel's letter are the reasons for this purported confidence. Plaintiff merely quotes the statute, which states "a judgment . . . in any . . . district court . . . may be registered . . . when ordered by the court that entered the judgment for ***good cause*** shown." 28 U.S.C. § 1963 (emphasis added).[1] The purpose of the good cause provision is to prevent a judgment debtor from hiding assets in a foreign jurisdiction. *See* COURT REFORM AND ACCESS TO JUSTICE ACT: HEARING BEFORE THE H. SUBCOMM. ON COURTS, CIVIL LIBERTIES, AND THE ADMIN. OF JUSTICE OF THE COMM. ON THE JUDICIARY, 100th Cong. 6, 44, 44-45 (1987).

Some courts have found "good cause" where the defendant does not possess assets in the home district but possess assets in another jurisdiction ("the assets test"). *See, e.g.*, *Ind.-Mich. Corp. v. Sisk Fertilizer-Lime Serv.*, Inc., No. 89 Civ. 2735, 1992 WL 159150, at *1 (N.D. Ill. June 29, 1992). Defendant strongly disagrees that the "assets test" is valid under the language of the statute or its legislative history, which was focused on what amounted to a fraudulent transfer. *See Associated Business Telephone Systems Corp. v. Greater Capital Corp.*, 128 F.R.D. 63 (D.N.J. 1989). The assets test creates such a large exception that it would swallow the rule and would allow creditors to bypass any judicial oversight in every case prior to appeal.

But the Court need not resolve this issue here, and thus briefing is futile, because even these courts *only* allow the creditor to register in those districts where the creditor (*i.e.*, Plaintiff in this case) has made a showing of substantial assets that would satisfy the judgment. For example, in *Fasolino Foods Co. v. Banca Nazionale Del Lavoro*, where

---

[1] Congress added the good cause provision in 1988. *See* Judicial Improvements and Access to Justice Act, Pub. L. No. 100-702, § 1002(a), (b)(1), 102 Stat. 4642, 4664.

the Court approved the judgment creditor's Section 1963 motion, the Court restricted the registration to New Jersey, as that was the only jurisdiction in which the creditor had established that the debtor held assets. *See Fasolino Foods Co. v. Banca Nazionale Del Lavoro*, No. 90 Civ. 334, 1991 WL 107440, at *2 (S.D.N.Y. June 7, 1991).[2] If there are no "substantial assets" for the plaintiff to recover in that district, courts dismiss the motion to register without prejudice until the judgment creditor (*i.e.*, the Plaintiff in this case) satisfies its obligation to produce evidence showing that the registration in other district is not futile. *See, e.g., Dyll*, 1998 WL 60541, at *2.

Briefing is futile – and thus no pre-motion conference is needed – because Plaintiff has not specified the district in which it seeks to register under the good cause provision of Section 1963, much less specified the evidence of why it seeks to register in that district even though counsel states he conduct a "post-judgment investigation," a vague and uninformative phrase.

It also bears emphasizing that Plaintiff did not seek enforcement of the judgment for over four months (*i.e.*, June 28, 2018 until November 6, 2018). Plaintiff fails to explain why it has now become "imperative" that Plaintiff be permitted to register the judgment in other districts. Moreover, as a result of Plaintiff's delay it is likely that that Second Circuit will have rendered its decision and render this issue moot.

To the extent that the Second Circuit takes a significant amount of time to issue its decision, such a fact would indicate that the issues raised by Defendant are substantial and the judgment may be modified or reversed. This fact weighs against allowing the registering of the judgment for "good cause" as the court will have to unwind any registered judgments and executions on them.

Finally, Plaintiff has not, and cannot, allege any prejudice because Plaintiff may always file a complaint in any foreign federal district, attach a copy of the original judgment, and proceed forward. There is no reason to burden this Court with an additional motion when Plaintiff has such a tool easily available that also gives any affected party, including third parties, a judge to preside over the judgment's execution.

Respectfully submitted,
/s/ Brian Lehman
*Brian Lehman*
Lehman LG LLC
724-453-4626
brian@lehmanlawgroupcom

cc: all counsel by CM/ECF

---

[2] *See also Dyll v. Adams*, No. 91 Civ. 2734, 1998 WL 60541, at *2 (N.D. Tex. Feb. 6, 1998); *Jack Frost Labs., Inc. v. Physicians & Nurses Mfg. Corp.*, 951 F. Supp. 51, 52 (S.D.N.Y. 1997); *Teachers Ins. & Annuity Ass'n of Am. v. Ormesa Geothermal*, No. 87 Civ. 1259, 1991 WL 254573, at *2 (S.D.N.Y. Nov. 21, 1991).