UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREASURE CHEST THEMED VALUE MAIL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> DAVID MORRIS INTERNATIONAL, INC., <br><br> Defendant. | 1:17-cv-0001-NRB |

# PLAINTIFF'S MEMORANDUM OF LAW
# IN REPLY AND IN FURTHER SUPPORT OF ITS
# MOTION TO REGISTER JUDGMENT IN OTHER DISTRICTS

Plaintiff Treasure Chest Themed Value Mail, Inc. submits this memorandum of law in reply and further support of its motion, pursuant to 28 U.S.C. § 1963, for an order authorizing registration of the final judgment in this case in the District Courts of Washington, Texas, Delaware and Florida.

## PRELIMINARY STATEMENT

In its tedious endeavor to circumvent Fed. R. Civ. P. Rule 62 (d), Defendant now submits palpably meritless arguments, wild speculation, and improper accusations in opposition to Plaintiff's motion for an order permitting registration of the Judgment in other districts pursuant to U.S.C. § 1963.

## ARGUMENT

**I.     PLAINTIFF'S MOTION SHOULD BE GRANTED WHERE DEFENDANT HAS FAILED TO REFUTE THE FACTS SUBMITTED BY PLAINTIFF IN SUPPORT OF ITS MOTION.**

"In absence of contrary evidence, the affidavit in support of the judgment creditors' motion should be presumed to be true" (*Owen v. Soundview Fin. Grp., Inc.*, 71 F.Supp.2d 278, 279

1

[S.D.N.Y. 1999] [citing *AT & T Corp. v. Public Service Enterprises of Pennsylvania, Inc.*, 1999 WL 672543, *6 (S.D.N.Y. Aug. 24, 1999)]).

Similar to the case in *Owen*, Defendant here has failed to submit any sworn proof whatsoever on this matter and its counsel's opposition papers do not even attempt to dispute Plaintiff's assertions that Defendant lacks leviable assets in New York to satisfy the Judgment (*see id.*).

II.     **DEFENDANT'S ARGUMENTS IN OPPOSITION ARE WITHOUT MERIT.**

**A.  Plaintiff's Failure to File a Notice of Motion is Not a Fatal Defect.**

Plaintiff requested permission to file the instant motion by letter setting forth the statutory basis and the relief that would be sought.  This Court granted Plaintiff leave to file the instant motion by Order dated January 9, 2019.  Contrary to Defendant's arguments, a formal notice of motion was not necessary under the circumstances, where the Defendant was apprised of both the statutory basis of the instant motion and the relief sought.

Even if a formal notice was required under the Local Rule 7.1, the instant motion need not be denied.  The Second Circuit has held "[a] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules" (*Holtz v. Rockefeller & Co., Inc.* 258 F.3d 62, 73 [2d Cir. 2001]; *Somiyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1048 [2d Cir. 1991] [noting that a district court has "the inherent power to decide when a departure from its Local Rules should be excused or overlooked"] citation omitted).

Courts have repeatedly employed their discretion to overlook a party's failure to file a notice of motion where the other party has been adequately apprised of the nature and basis of the motion (*e.g. Sandata Technologies, Inc. v. Infocrossing, Inc.*, 2007 WL4105553 [S.D.N.Y. November 14, 2007]; *Pompey v. 23 Morgan II, LLC*, 2017  WL 1102772 [E.D.N.Y. February 13,

2017]; *Fiedler v. Indandela*, 222 F.Supp.3d 141 [E.D.N.Y. 2016];  Sentry *Ins. A Mutual Co. v. Brand Management, Inc.*, 2013 WL 5725987 [E.D.N.Y. October 21, 2013]).

Accordingly, the instant motion should not be denied on such a minor procedural defect.

**B.  The Advocate-Witness Rule is Inapplicable to Plaintiff's Motion.**

The Defendant's invocation of Rule 3.7 of the New York Rules of Professional Conduct, the "Advocate-Witness Rule", is at the very least misguided.  The Advocate-Witness Rule provides, with certain exceptions, that "[a] lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (N.Y. R. Prof'l Conduct § 3.7 [a]). However, the rule is not to be mechanically applied, as courts must guard against the tactical use of such motions (*Murray v. Metropolitan Life Ins. Co.*, 583 F.3d 173, 178 [2d Cir. 2009]; *Halberstam v. Halberstam*, 122 A.D.3d 679, 679 [2d Dept. 2014]).

At the outset, it is Plaintiff's position that the Advocate-Witness Rule only applies in matters pre-trial.  Indeed, Defendant has failed to cite, and Plaintiff has been unable to find, any case that discusses the rule in a post-judgment context.  Plaintiff respectfully submits that the dearth of precedence on the matter is due to the fact that all significant issues of fact have already been decided at trial, thus the rule is inapplicable post-trial.

Even in the event that this Court were to entertain Defendant's contention that Plaintiff's counsel should be disqualified, the Declaration of Daniel Knox, Esq. falls into an exception expressly provided for in the rule.  Rule 3.7 does not apply where the testimony relates solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony (N.Y. Rules of Prof. Conduct 3.7 [a] [3]).  Here, not only was there no reason to believe that Defendant would, or even could, offer substantial evidence refuting Mr. Knox's investigative efforts, but Defendant <u>has not</u> submitted such evidence.

### C. Defendant's Pending Appeal is Irrelevant to Plaintiff's Motion.

Without any support, legal or otherwise, Defendant attempts to convince this Court that its pending appeal presents such a unique set of circumstances as to warrant a break from the well-settled precedent of this district and hold Plaintiff's motion to a higher standard.

The Court should recognize that Defendant is simply attempting to circumvent Rule 62 (d) and obtain a stay of enforcement without submitting a bond. Indeed, its failure to avail itself of Rule 62 (d) is an indication of Defendant's own lack of confidence in the merits of its appeal.

Accordingly, Plaintiff's motion should be granted where Defendant has failed to has failed to present meaningful argument in favor of deviating from legal precedent on this matter in light of the availability of a stay of enforcement under Rule 62 (d).

### D. Defendant's Opposition Papers Strain the Bounds of Civility and Professionalism in the Practice of Law.

In his opposition papers, Mr. Lehman has made unsubstantiated accusations that Plaintiff's counsel has made false statements to this Court. At the very least, such accusations strain the bounds of civility and professionalism expected of attorney's engaged in this noble profession and should be disregarded by this Court. At worst, they likely run afoul of the requirements of Rule 11.

Notably, the Defendant and his counsel have failed to submit any sworn statement attesting to facts which contradict those presented to this Court in the Knox Declaration, notwithstanding ample opportunity to do so.

To the extent that Mr. Lehman seeks to surreptitiously elicit details of Plaintiff's post-judgment investigations by claiming that no investigation was conducted, Plaintiff declines to oblige in light of the fact that courts have not imputed any such obligation in the context of

Section 1963 motions and the likelihood of the prejudicial effect it would have upon Plaintiff's collection efforts.

## **CONCLUSION**

In light of the foregoing, the Court should grant Plaintiff's motion permitting the Judgment to be registered in the District Courts of Washington, Texas, Delaware and Florida.

Dated: New York, New York
January 30, 2019

Respectfully submitted,

KNOX LAW GROUP, P.C.

By: _____/s/_____
Daniel Knox
1 Penn Plaza, Ste. 2430
New York, New York 10119
(212) 239-1114
dknox@knoxlaw.nyc

*Attorneys for Plaintiff*