February 4, 2019

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: Request for a Pre-Motion Conference in *Treasure Chest Theme Value Mail, Inc. v. David Morris International, Inc.*, 17 Civ. 0001 (NRB)**

Your Honor:

Pursuant to Part 2.B. of Your Honor's Individual Rules, I write to request a pre-motion conference on Defendant's anticipated motion to disqualify Plaintiff's Counsel, Daniel Knox, from representing Plaintiff in these proceedings. The basis for this motion is that Mr. Knox has violated, and is continuing to violate, Rule 3.3(a)(1) of the N.Y. Rules of Professional Conduct by failing "to correct a false statement of material fact or law previously made to the tribunal by the lawyer." N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, rule 3.3.

In the alternative, and in the interest of conserving this Court's resources and resolving this motion expediently, Defense Counsel requests that this letter be treated as Defendant's motion to disqualify and Plaintiff's Counsel be given a reasonable amount of time to respond.

## Background

On January 15, 2019, Plaintiff's Counsel filed a motion to register the judgment entered in this Court in other federal districts pursuant to 28 U.S.C. § 1963 (Dkt. #64). On January 28, 2019, Defense Counsel filed its memorandum of law in opposition to the motion (Dkt. #65). Among other things, Defense Counsel stated in the opposition that Plaintiff's Counsel made a false statement to the Court in his sworn declaration to his motion when he swore under penalty of perjury: "Defendant also maintains an active registration with the Florida Secretary of State entitling it to conduct business in Florida." Dkt. 64-1 (Knox Decl. ¶ 8).

Defense Counsel explained that this statement was obviously false and should be withdrawn. "Given that the Florida Secretary of State's website shows that the company maintaining a registration in Florida is a Delaware

corporation (not a California corporation), counsel for Treasure Chest should correct its false statement on the reply brief or sooner." Dkt. #65 at 4 n.3.

On February 4, 2019, Plaintiff's counsel filed its reply and continues to maintain that his declaration should be accepted by this Court (Dkt. #66).

## Plaintiff's Counsel Should Be Disqualified

"The disqualification of an attorney in order to forestall violation of ethical principles is a matter committed to the sound discretion of the district court." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (citations omitted). "The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process. In exercising this power, we have attempted to balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) (quotation marks and citations omitted); *see also United States v. Hammad*, 858 F.2d 834, 837 (2d Cir. 1988); *Ex Parte Burr*, 22 U.S. 529, 531 (1824) (Marhsall, C.J.). D

Local Rule 1.3 requires attorneys appearing in the Southern District of New York to comply with the New York State Rules of Professional Conduct. Rule 3.3(a)(1) of the N.Y. Rules of Professional Conduct provides that "A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . . ." N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, rule 3.3.

Plaintiff's Counsel has stated under oath "Defendant also maintains an active registration with the Florida Secretary of State entitling it to conduct business in Florida." Dkt. 64-1 (Knox Decl. ¶ 8). This is clearly false and the Court may take judicial notice of the documents that show Plaintiff's Counsel's declaration is false. The Florida Secretary of State maintains a website that allows corporations to be searched by name:

http://search.sunbiz.org/Inquiry/CorporationSearch/ByName

A search for the name of the Defendant in this case – David Morris International – pulls up the webpage attached as Exhibit 1. The documents available under David Morris International, Inc. (Document #F02000003462 in the Secretary of State's files) pulls up the webpage attached as Exhibit 2, which also contains links to that corporations annual reports. The first annual report is attached as Exhibit 3 and it shows that this corporation is a ***Delaware*** corporation.

2

Defendant is a *California* corporation. In fact, in its Complaint, Plaintiff alleged "Defendant is a corporation duly formed and existing under the laws of the *State of California* with its principal office located [in California]." Compl. ¶ 3 (Dkt. #1). The basis for this Court's subject matter jurisdiction depended on this fact as Plaintiff alleged that "Defendant is a citizen of the *State of California* for purposes of diversity jurisdiction under 28 U.S.C. § 1332." *Id.* ¶ 5.

Plaintiff's counsel is apparently attempting to have the judgment it obtained against the California corporation registered against a wholly different entity by submitting clearly false statements to this Court. Nor can this be a mere mistake as Plaintiff's counsel has been aware of the false statement since the opposition brief was filed (if not sooner given that Plaintiff's counsel presumably used the Florida Secretary of State's website to make the allegations).

This Court may rely on publicly available information under Rule 201 of the Federal Rules of Evidence, and find that the company registered to do business in Florida is a Delaware corporation – not the California corporation that was sued and judgment was entered against. *See, e.g.*, *Powell v. Delta Airlines*, 145 F. Supp. 3d 189, 198 (E.D.N.Y. 2015) ("the Court takes judicial notice that Delta Air Lines, Inc. is incorporated under the laws of the State of Delaware").

"Courts rely on forthright and accurate representations by counsel in making their decisions." *Soley v. Wasserman*, 08 Civ. 9262, 2013 WL 3185555, at *1 (S.D.N.Y. June 21, 2013). Plaintiff's Counsel should be disqualified from representing Plaintiff given the materiality of his false statement. *In re Gordon*, 780 F.3d 156, 157 (2d Cir. 2015).

Defense counsel requests the opportunity for a pre-motion conference or for this letter to be treated as its motion.

Sincerely,
/s/ *Brian Lehman*
Brian Lehman
Lehman LG LLC
Counsel for Defendant

*Counsel of Record Served by CM/ECF*