UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREASURE CHEST THEMED VALUE MAIL, INC., <br><br> Plaintiff, <br><br> -against- <br><br> DAVID MORRIS INTERNATIONAL, INC., <br><br> Defendant. | 1:17-cv-0001-NRB |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO REGISTER JUDGMENT IN OTHER DISTRICTS**

Plaintiff Treasure Chest Themed Value Mail, Inc. submits this memorandum of law in support of its motion, pursuant to 28 U.S.C. § 1963, for an order authorizing registration of the final judgment in this case in the District Courts of Washington, Texas, Delaware and Florida.

**PRELIMINARY STATEMENT**

A final judgment was entered in this action on June 28, 2018 (Docket No. 49) (the "Judgment") (Knox Decl. ¶ 3.). The Judgment sets forth that defendant David Morris International, Inc. is liable to Plaintiff for the sum of $105,225.72 (*id.*). Defendant has filed a Notice of Appeal, but has not posted a bond to secure the damages provided for in the Judgment pending appeal (*id.* at ¶ 4).

Plaintiff's post-judgment investigation into Defendant's assets did not reveal the existence of any assets located within the State of New York that could potentially be available to satisfy the Judgment (*id.* at ¶ 5). Indeed, Defendant does not appear to do business in New York aside from the underlying transaction with Plaintiff. Instead, Plaintiff's investigation has uncovered the existence assets belonging to the Defendant which are located in other districts, namely Washington, Texas, Delaware and Florida.

Defendant represents on its website that its principal offices are located in Dallas, Texas (*id.* at ¶ 6).  Defendant is also a resident of Florida, having registered with the Florida Secretary of State (*id.* at ¶ 8).

Defendant has clients with principal offices located in Washington and Florida (*id.* at ¶¶ 9-11).  Defendant also has a business relationship with Auto Europ, LLC, a Delaware company. (*id.* at ¶ 13) Therefore, it is reasonable to presume that Defendant has assets in Washington, Florida and Delaware, in form of accounts payable to Defendant (*id.* at ¶¶ 12, 14).

Accordingly, under these circumstances, it appears that Plaintiff cannot effectively enforce the Judgment in New York and that its only recourse to obtain satisfaction of the Judgment is to register it in other jurisdictions in which Defendant resides and appears to have assets.

## **ARGUMENT**

Pursuant to 28 U.S.C. § 1963, "[a] judgment in action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when ordered by the court that entered the judgment for good cause shown."  Good cause may be established by "a mere showing that the defendant has substantial property in the other district and insufficient in the rendering district to satisfy the judgment" (*BC Media Funding Co. II v. Lazauskas*, No. 08-cv-6228 (RPP), 2009 WL 290526 at *4 [S.D.N.Y. Feb. 6, 2009] [quoting *Owen v. Soundview Fin. Grp., Inc.*, 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999)].  Notably, the court in *Fasolino Foods Co., Inc. v. Banca Nazionale Del Lavoro* analyzed the "good cause" requirement and found that, where an appeal is pending, the assets outside the rendering district need not be "substantial." to demonstrate good cause (1991 WL 107440 at *2 [S.D.N.Y. June 7, 1991]).

A party seeking registration of a judgment "need not show exact evidence of assets and registration may be granted upon a lesser showing" (*Owen v. Soundview Fin. Grp., Inc.*, 71 F. Supp. 2d 278, 279 [S.D.N.Y. 1999] [internal quotation marks omitted]).  Indeed, an affidavit in support of the motion may be sufficient to show good cause where the debtor fails to offer any evidence to contradict it (*id.*).

The present circumstances fall squarely within the rule cited above.  The Defendant does not maintain an office in or appear to have any assets located in New York.  Instead, Defendant represents on its website that it is headquartered in Dallas, Texas, and has registered with the Secretary of State in Florida to conduct business there.  Accordingly, it would be appropriate to register the Judgment in the District Courts of Texas and Florida (*see e.g. id.* [authorizing registration of judgment in California district courts where defendant currently lived and worked]).

Moreover, Plaintiff's investigative efforts have uncovered evidence that Defendant has had significant contacts with the States of Florida, Delaware and Washington.  Defendant represents on its website that it has ongoing business relationships with specific companies headquartered in Washington and Florida (Knox Decl. ¶ 9-11).  Defendant also has an ongoing business relationship with and receives revenue from Auto Europe, LLC, which is headquartered in Delaware (Knox Decl. ¶¶ 13, 14).

Based on the foregoing, it appears that Defendant has offices and/or conducts business in Texas and Florida while maintaining ongoing business relationships with companies located in Washington, Delaware and Florida.  Accordingly, any assets that Defendant owns are likely to be located in these jurisdictions.

## CONCLUSION

In light of the foregoing, the Court should grant Plaintiff's motion permitting the Judgment to be registered in the District Courts of Washington, Texas, Delaware and Florida.

Dated: New York, New York
January 14, 2019

Respectfully submitted,

KNOX LAW GROUP, P.C.

By: _____/s/_____
Daniel Knox
1 Penn Plaza, Ste. 2430
New York, New York 10119
(212) 239-1114
dknox@knoxlaw.nyc

*Attorneys for Plaintiff*

4