February 7, 2019

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: Reply for a Pre-Motion Conference in *Treasure Chest Theme Value Mail, Inc. v. David Morris International, Inc.*, 17 Civ. 0001 (NRB)**

Your Honor:

As counsel for Defendant in this case, I submit this reply letter to Plaintiff's counsel's opposition (Dkt. #68) to my request for a conference (Dkt #67). The purpose of the conference is to discuss my anticipated motion to disqualify Plaintiff's counsel from the proceedings for failing "to correct a false statement of material fact or law previously made to the tribunal by the lawyer." N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.0, rule 3.3.

Plaintiff's Counsel seemingly concedes that he has made a false statement to this Court in his sworn declaration. The totality of Plaintiff's Counsel's argument in response is:

> The contemplated motion would be frivolous and an unnecessary drain on the resources of both the Court and the Plaintiff. The underlying case has been disposed, after trial, and judgment rendered in favor of the Plaintiff. Accordingly, there are no proceedings from which to disqualify me.

Dkt. #68 at 1.

Plaintiff's counsel never addresses the fact that he sued a ***California*** corporation and claims that this California corporation is registered to do business in another state. But the corporation that is registered to do business in that state is a ***Delaware*** corporation.

In the letter requesting the pre-motion conference (Dkt #67), I submitted the documents from the Secretary of State that prove the corporation registered in that state is a Delaware corporation. The Court may take judicial notice of these government documents, just as the Court may

1

take judicial notice of Plaintiff's Complaint in which Plaintiff alleges that it was suing "a corporation duly formed and existing under the laws of the State of California . . . . " Compl. ¶ 3 (Dkt. #1).

Putting aside the fact that Plaintiff's Counsel will not correct his false statement, and thus violates Rule 3.3 of the New York Rules of Professional conduct, he also errs in arguing that "there are no proceedings from which to disqualify me." Dkt. #68 at 1. *First*, the Court may, and it is respectfully submitted should, have an evidentiary hearing to determine the facts underling Plaintiff's motion to register his judgment. "The fundamental problem with [Plaintiff's counsel's] declaration is that the Court must make findings of fact that depend on Mr. Knox's credibility and testimony as all but the first five paragraphs of the declaration are disputed." Dkt. 65 at 4. In light of this dispute, the Court should have a hearing at which Mr. Knox would need to testify about the statements made in his declaration that has now been proven to contain, at least in part, false statements.

*Second*, Plaintiff continues to have the option of engaging in any post-judgment discovery under Rule 69 of the Federal Rules of Civil Procedure. Indeed, it is utterly bewildering that Plaintiff refuses to do anything to find out the truth in light of the fact that "broad post-judgment discovery in aid of execution is the norm in federal and New York state courts." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012). So long as Plaintiff's counsel refuses to correct his false statement, and is apparently attempting to mislead this Court to allow him to register a judgment against an entity that was not a defendant in this case, the Court should disqualify him from representing Plaintiff before this Court including engaging in post-judgment discovery or motions.

Lawyers have a special obligation to protect a tribunal against conduct that undermines the integrity of the adjudicative process. Mr. Knox's failure to be truthful before this Court even when given incontrovertible evidence that his sworn statement is false gives rise to the reasonably conclusion that he will continue to act in this fashion. Disqualification will also have the salutary effect of warning other courts of his conduct so that they might be forewarned of the problems with requests related to the judgment against the California corporation made by Plaintiff.

      In light of the above, I respectfully request a pre-motion conference before this Court or permission to file the motion forthwith.

Sincerely,<br>
/s/ <u>Brian Lehman</u><br>
Brian Lehman<br>
Lehman LG LLC<br>
Counsel for Defendant

*Counsel of Record Served*
*by CM/ECF*