February 7, 2019

Hon. Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: Summary of Opposition to Motion to Register Judgment in** *Treasure Chest Theme Value Mail, Inc. v. David Morris International, Inc.*, **17 Civ. 0001 (NRB)**

Your Honor:

As counsel of Defendant in the above-captioned case, I write for two reasons. *First*, pursuant to Rule E.1. of your Individual Rules, I submit this letter outlining the substantive argument advanced in Defendant's memorandum of law (Dkt. #65) in opposition to Plaintiff's motion (Dkt. #64) to register judgment in other federal districts pursuant to 28 U.S.C. § 1963. *Second*, I write to hopefully alleviate certain confusion created by Plaintiff's counsel improperly filing of the motion papers.

**I.**

Under Section 1963, a "judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for **good cause shown**. 28 U.S.C. § 1963 (emphasis added).

Plaintiff requested permission to file a motion for the judgment to be registered for "good cause shown." Defendant opposes this motion on two grounds.

The first reason to deny Plaintiff's motion is that the only evidence submitted is a declaration submitted by Plaintiff's counsel, Daniel Knox. The declaration must be rejected under Rule 3.7 of the New York Rules of Professional Conduct, 22 N.Y.C.R.R. 1200. Rule 3.7 states that a "lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact . . . ." *Id.* On this motion, Plaintiff's counsel is the only witness and is submitting the only evidence in support of his motion on which he is the advocate. Moreover, a review of the

1

statements in the declaration shows that Mr. Knox's statements are false or speculative. Among other things, Mr. Knox has falsely stated that Defendant is registered to do business in Florida (when, in fact, the corporation registered to do business is a Delaware corporation and Defendant is a California corporation). Likewise, five paragraphs of the declaration are made on Mr. Knox's "information and belief," which raises a red flag because they give "rise to an inference that the pleader lacks knowledge of underlying facts to support the allegations made, and is instead engaging in speculation to an undue degree." *Delphix Corp. v. Actifo, Inc.*, No. 13 Civ. 4613, 2014 WL 4628490, at \*2 (N.D. Cal. Mar. 19, 2014) (rejecting pleading on "information and belief" as insufficient under Rule 11 of the Federal Rules of Civil Procedure).

The second reason to deny Plaintiff's motion is that this Court should interpret "good cause" as meaning situations where a judgment creditor has (1) transferred, or is attempting to transfer, its assets to another jurisdiction during the appeal, or (2) engaged in an attempt to conceal its assets or otherwise avoid payment, or (3) acted in an evasive or manipulative manner in response to post-judgment discovery. In the absence of such evidence, the Court should not enter a finding of good cause sufficient to allow registration "in any other district" in the United States. 28 U.S.C. § 1963.

In this case, there is no evidence that Defendant is attempting to transfer or hide its assets. Moreover, Defendant has not acted in an evasive manner because Plaintiff has not used any of the post-judgment discovery tools given to it under the Federal Rules of Civil Procedure despite the fact that judgment was entered over six months ago. Even if the Court gave credit to Plaintiff's otherwise improper declaration, there is still no "good cause shown" as required by the statute. *Id.*

For either of these reasons, Plaintiff's motion should be denied.

## II.

As noted in the opposition brief, Plaintiff did not follow the Local Rules in filing its motion. Dkt. #65 at 2 n.2. In fact, two days ago on February 5, 2019, the Clerk rejected the motion and accompanying papers. The Clerk entered the following into the docket:

> \*\*\*NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - EVENT TYPE ERROR. Notice to Attorney Daniel Knox to RE-FILE Document 64 MOTION Register Judgment pursuant to 28 U.S.C. § 1963. Use the event type Memorandum in Support of Motion; and Declaration in

>Support of motion: Both found under the event list Replies, Opposition and Supporting Documents. ***REMINDER*** - The Motion for Miscellaneous (Register Judgment) Relief WAS NOT FILED. First file Motion, then file and link any supporting documents. (db)

The problem is that Plaintiff did not file a notice of motion "specif[ing] the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion." S.D.N.Y. Local Rule 7.1(a)(1). Plaintiff merely filed its memorandum of law as a "motion" and attached its attorney's declaration as an exhibit.

      The Clerk made this problem clear by entering into the docket in ALL CAPS: "The Motion for Miscellaneous (Register Judgment) Relief WAS NOT FILED. First file Motion . . . ." Nonetheless, Plaintiff's Counsel still has not filed the motion correctly. Instead, Plaintiff refiled the memorandum of law (Dkt. #69) and the declaration (Dkt. #70). Plaintiff has **not** file the motion despite the Clerk's clear instructions, "First file Motion, then file and link any supporting documents."

      I expect the Clerk to again reject the papers or, in the alternative, for Plaintiff's counsel to now properly file the motion "then file and link any supporting documents." Once that it is done, I will refile my opposition and I expect Plaintiff to refile his reply memorandum of law.

      Unfortunately, this will result in a docket filled with multiple entries that have identical briefs. I am hoping that this letter clarifies any confusion created by these multiple entries. In the meantime, in order to comply with Your Honor's Individual Practices, I am sending this letter to chambers along with two printed copies of Defendant's opposition brief (Dkt. #65).

Sincerely,<br>
/s/ <i>Brian Lehman</i><br>
Brian Lehman<br>
Lehman LG LLC<br>
Counsel for Defendant

*Counsel of Record Served*
*by CM/ECF*