```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
TREASURE CHEST THEMED VALUE
MAIL, INC.,

                Plaintiff,                MEMORANDUM AND ORDER

      - against -                         17 Civ. 1 (NRB)

DAVID MORRIS INTERNATIONAL, INC.,

                Defendant.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

In January 2017, plaintiff Treasure Chest Themed Value Mail, Inc. commenced an action against defendant David Morris International, Inc. for breach of contract. The parties proceeded to a June 5, 2018 bench trial before this Court, at the conclusion of which we granted plaintiff's motion for a directed verdict. Specifically, we found for plaintiff on its sole claim for breach of contract, and against defendant on its sole remaining counterclaim for unjust enrichment. Our subsequent written decision explained our reasoning. See Treasure Chest Themed Value Mail, Inc. v. David Morris Int'l, Inc., No. 17-cv-1 (NRB), 2018 WL 3130601 (S.D.N.Y. Jun. 26, 2018). We awarded plaintiff $82,000, plus 1.5% prejudgment interest per month on $45,000 after August 1, 2016, and 9% prejudgment interest per annum on $37,000 after January 1, 2017. Id. at *6. Judgment was entered by the Clerk of Court in the total sum of $105,225.72 on June 28, 2018.

1

Defendant subsequently appealed our decision. See Treasure Chest Themed Value Mail, Inc. v. David Morris Int'l, Inc., No. 18-2181 (2d Cir. filed Jul. 25, 2018). The parties participated in court-ordered mediation pursuant to the Second Circuit's Local Rule 33.1 and filed a joint stipulation of dismissal that allowed defendant to reinstate the appeal by December 17, 2018. See id. Doc. No. 37. Before the deadline to reinstate the appeal expired, plaintiff filed with this Court a request for a Clerk's Certification of a Judgment to be Registered in Another District ("AO 451 Form"). See ECF No. 55. Defendant objected to plaintiff's request. See Letter from Brian Lehman to the Court, Nov. 6, 2018, ECF No. 56. Defendant argued that, by signing the AO 451 Form, the Clerk of Court would be endorsing the form's standard language that "the time for appeal ha[d] expired" even though the deadline to reinstate the appeal under the joint stipulation had not passed. See id. In light of the conflict arising from the language in the AO 451 Form and the short time remaining for reinstatement, we denied plaintiff's request. See Letter from the Court to the Parties, Nov. 29, 2018, ECF No. 59.

After defendant timely reinstated the appeal, plaintiff filed a pre-motion letter seeking leave to file a motion to register this Court's June 26, 2018 judgment in another district pursuant to 28 U.S.C. § 1963. See ECF No. 60. We granted plaintiff's request, and plaintiff subsequently moved to register the judgment

2

in the federal district courts of Washington, Texas, Delaware, and Florida.  See ECF No. 64.

The filing of a notice of appeal does not automatically stay the enforcement of the appealed judgment.  Rather, as provided in Rule 8 of the Federal Rules of Appellate Procedure, the judgment debtor must move for a stay or injunction or the approval of a supersedeas bond.  In this case, defendant has done none of these.  Thus, as judgment creditor, plaintiff may enforce the judgment while the appeal is pending.  One of the enforcement mechanisms available to plaintiff is registration of the judgment in another district under 28 U.S.C. § 1963, which provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

28 U.S.C. § 1963 (emphasis added).  The statute's requirement of "good cause" can be shown by evidence that defendant lacks sufficient property in the judgment forum to satisfy the judgment and has substantial property in another district.  See, e.g., Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc., 259 F.3d 1186, 1197–98 (9th Cir. 2001); Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 372 (7th Cir. 1991); Jack Frost Lab., Inc. v. Physicians & Nurses Mfg. Corp., 951 F. Supp. 51, 52 (S.D.N.Y. 1997).

Defendant does not dispute plaintiff's assertion that defendant, a corporation duly formed and existing under California law, does not have any assets in the state of New York. Relying on a declaration by plaintiff's counsel, Mr. Daniel Knox, plaintiff asserts that defendant has assets in: (1) Texas based on defendant's representation on its website that its principal offices are located in Texas; (2) Florida based on defendant's registration with the Florida Secretary of State; (3) Florida and Washington based on defendant's business relationships[1] with client companies that are located in the states; and (4) Delaware based on defendant's receipt of revenue from a Delaware limited liability company.  See Pl.'s Decl. ¶¶ 5-17.

Defendant argues that plaintiff's assertions regarding defendant's assets are "false or speculative." Def.' Opp. to Pl.' Mot. to Register J. under 28 U.S.C. § 1963 ("Def.' Opp."), ECF No. 65, at 4.  However, the only assertion that defendant factually challenges is the assertion that the "David Morris International Inc." registered to do business in Florida is not the defendant because the Florida-registered entity is a Delaware corporation while the defendant entity in this case was sued as a California

---

[1] According to plaintiff, "it is reasonable to presume that [defendant's] clients are in possession of [d]efendant's assets in the form of accounts payable to [d]efendant." See Jan. 19, 2019 Decl. of Daniel Knox ("Pl.'s Decl."), ECF No. 70, ¶ 12.

4

corporation.[2]  As to the other assertions in Mr. Knox's affidavit concerning defendant's clients who might owe defendant money, defendant merely raises questions about how plaintiff's counsel got his information but offers no evidence to dispute plaintiff's fundamental assertions.[3]

In fact, courts in this District have held that a judgment creditor (i.e., a party seeking registration of the judgment in another district) "need[s] not show exact evidence of assets and registration may be granted upon a lesser showing." Owen v. Soundview Fin. Grp., Inc., 71 F. Supp. 2d 278, 279 (S.D.N.Y. 1999) (internal citation and quotation marks omitted).  "In the absence of contrary evidence, the affidavit in support of the judgment creditors' motion should be presumed to be true" and is sufficient to demonstrate "good cause."  Id.  Therefore, Mr. Knox's declaration sufficiently demonstrates defendant's assets in other

---

[2] After plaintiff's motion to register the judgment in other districts was fully briefed, defendant requested a pre-motion conference on its anticipated motion to disqualify Mr. Knox from representing plaintiff based on his failure to correct his false statement that defendant was registered to conduct business in Florida.  See Letter from Brian Lehman to the Court, Feb. 4, 2019, ECF No. 67.  Defendant argues that Mr. Knox's failure violates Rule 3.3(a)(1) of the New York Rules of Professional Conduct, which states: "A lawyer shall not knowingly make a false statement of fact to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."  However, even assuming that Mr. Knox failed to correct the statement and that defendant's counsel demonstrated the statement's falsity, this type of mistake, which has had no consequence whatsoever, is not a valid or reasonable ground for the imposition of a disqualification sanction.  Therefore, we deny defendant's request.

[3] None of these "issues" remotely supports defendant's rather extraordinary argument that Mr. Knox should be disqualified from representing plaintiff under Rule 3.7 of the New York Rules of Professional Conduct.

5

districts, and plaintiff has shown "good cause" under 28 U.S.C. § 1963. See id.; see also Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Nebara, 264 F. Supp. 2d 484, 489 (S.D. Tex. 2002) (granting the judgment creditor's motion to register judgment in other districts based on an affidavit by the creditor's counsel).

Moreover, defendant seems to believe that it is the judgment debtor's role to instruct the judgment creditor on the remedies it can pursue even after defendant chose not to bond the judgment during the appeal. Specifically, defendant argues that plaintiff should have engaged in post-judgment discovery pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure to gather more facts regarding defendant's assets before filing the instant motion. Def.' Opp., at 6-7. Defendant advances this argument without any citation to case or rule[4] – presumably because no such law exists. Next, defendant argues that, instead of seeking to register the judgment in other federal district courts, plaintiff should seek to register the judgment in the state courts of Washington, Texas, Delaware, and Florida because defendant "can seek a stay pending the outcome of the direct appeal" if the

---

[4] Rule 69(a)(2) does not require a judgment creditor to engage in post-judgment discovery. Rather, it merely states: "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person — including the judgment debtor — as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added).

judgment is registered in state courts. Id. at 13-15. Not only does defendant fail to cite any case law to support its argument, but such a requirement would effectively write Rule 8 of the Federal Rules of Appellate Procedure out of the federal rules that apply to this case. Finally, defendant suggests that plaintiff should not avail itself of Section 1963, but rather file new actions in multiple states. Id. at 9. The suggestion that such an approach is the only way to get judicial supervision is obviously flawed: judgment collection following registration under Section 1963 is certainly not a "Wild West" event.

For the reasons set forth above, plaintiff's motion to register judgment in other districts is granted. The Clerk of Court is respectfully directed to terminate the motions listed at docket entries 64 and 67.

**SO ORDERED.**

Dated:  New York, New York
        May 6, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE